# VEHICLE BUYER'S ORDER

Date 01/08/2022 Seller Name and Address PLATINUM PREOWNED 1119 Harrisburg Pike Carlisle, PA 17013

| Buyer's Name | | Co-Buyer's Name | |
|---|---|---|---|
| PAMELA JOHNSON | | | |
| Address (City, State and Zip Code) | | Address (City, State and Zip Code) | |
| 612 N BEDFORD ST<br>CARLISLE, PA 17013 | | N/A<br>, | |
| Residential Phone<br>(717)353-1456 | Business Phone<br>N/A | Residential Phone<br>N/A | Business Phone<br>N/A |
| Email Address<br>PAMELAJ0126@GMAIL.COM | Mobile Phone<br>(717)353-1456 | Email Address<br>N/A | Mobile Phone<br>N/A |

THIS BUYER'S ORDER IS FOR THE FOLLOWING ☐ NEW ☒ USED ☒ CAR ☐ TRUCK ☐ DEMO ☐ PRIOR USE:

TO BE DELIVERED ON OR ABOUT 01/08/2022

| Year | Make | Model | Type | Trim | Color | Mileage | Stock # |
|---|---|---|---|---|---|---|---|
| 2021 | MITSUBISHI | OUTLANDER SPO | ES 2.0 CVT | N/A | SILVER | 15132 | 9728 |

VIN JA4APUAU5MU004126

## TRADE IN RECORD 1

| | | | |
|---|---|---|---|
| YR. N/A | MAKE N/A | MODEL N/A | TYPE N/A |
| COLOR N/A | TRIM N/A | MILEAGE N/A | |
| VIN N/A | | | |
| TITLE NO. | PLATE NO. N/A | EXP. DATE | |
| OWNER N/A | LOAN # N/A | | |
| LIENHOLDER N/A | PHONE N/A | | |
| ADDRESS undefined undefined ,undefined undefined | SPOKE WITH | | |
| AMOUNT N/A | GOOD TILL N/A | VERIFIED BY | |

## TRADE IN RECORD 2

| | | | |
|---|---|---|---|
| YR. N/A | MAKE N/A | MODEL N/A | TYPE N/A |
| COLOR N/A | TRIM N/A | MILEAGE N/A | |
| VIN N/A | | | |
| TITLE NO. | PLATE NO. N/A | EXP. DATE | |
| OWNER N/A | LOAN # N/A | | |
| LIENHOLDER N/A | PHONE N/A | | |
| ADDRESS undefined undefined ,undefined undefined | SPOKE WITH | | |
| AMOUNT N/A | GOOD TILL N/A | VERIFIED BY | |

## COLLISION COVERAGE

| | | |
|---|---|---|
| NAME OF AGENT BILLOW INS AGENCY | PHONE (717)896-3080 | |
| ADDRESS 3530 PETERS MOUNTAIN RD HALIFAX, PA 17032 | | |
| POLICY NUMBER Q123016438 | COLLISION DEDUCTIBLE 500.00 | |
| INSURANCE CO. ERIE INSURANCE COMPANY | SPOKE WITH | |
| EFFECTIVE DATE 01/08/2022 | EXP. DATE 06/30/22 | VERIFIED BY IAN YERGES |

**USED CAR BUYERS GUIDE: THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THE CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.**

**If you cancel this buyer's order or refuse to take delivery of the vehicle ordered, except as permitted by law, you shall, at our option, forfeit as damages the amount of $ N/A**

BUYER'S SIGNATURE (X)

Buyer hereby acknowledges to the above clause.

| | |
|---|---|
| PRICE OF VEHICLE | 29,900.00 |
| SELLER ACCESSORIES | N/A |
| N/A | N/A |
| N/A | N/A |
| N/A | N/A |
| N/A | N/A |
| N/A | N/A |
| N/A | N/A |
| N/A | N/A |
| N/A | N/A |
| N/A | N/A |
| N/A | N/A |
| N/A | N/A |
| N/A | N/A |
| Cash Price of Vehicle & Accessories | 29,900.00 |
| N/A | N/A |
| N/A | N/A |
| Sales Tax | 1,794.00 |
| P.T.A. Fee ($1.00 PER TIRE) | N/A |
| County Fee | 5.00 |
| REGISTRATION 39.00 TITLE 58.00 TRANSFER N/A ENCUMBRANCE 28.00 | 125.00 |
| Temporary Registration Plate Fee | 34.00 |
| Documentary Fee | 299.00 |
| Notary Fee | N/A |
| On-Line Registration Fee | N/A |
| Messenger Fee | N/A |
| N/A | N/A |
| OTHER CHARGES GAP | 1,000.00 |
| OTHER CHARGES N/A | N/A |
| Total Price | 33,157.00 |

| TOTAL CREDIT | | |
|---|---|---|
| Trade-In | N/A | |
| *Payoff Amount Is Subject To Verification — Less Payoff * | N/A | |
| Net Trade In | N/A | |
| N/A Deposit | N/A | |
| Cash on Delivery | 3,000.00 | |
| Net Trade + Deposit + Cash on Delivery = Total Down Payment | | 3,000.00 |
| Unpaid Balance of Total Price | | 30,157.00 |

THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

Case 5:26-cv-00320-D-RN Document 24-2 Filed 08/21/26 Page 1 of 4

## WARRANTY INFORMATION

☒ FACTORY WARRANTY - The manufacturer's warranty constitutes all of the warranties with respect to the sale of this item/items. **The seller hereby expressly disclaims all warranties, either expressed or implied including any implied warranty of merchantability or fitness for a particular purpose**, and the seller neither assumes nor authorizes any other person to assume for it any liability in connection with the sale of this item/items.

☐ USED CAR WARRANTY - Used car is covered by a limited warranty detailed in a separate document. You may obtain a full copy of any applicable warranty from us.

☐ AS IS - THIS MOTOR VEHICLE IS SOLD "AS IS" WITHOUT ANY WARRANTY EITHER EXPRESSED OR IMPLIED. THE BUYER WILL BEAR THE ENTIRE EXPENSE OF REPAIRING OR CORRECTING ANY DEFECT THAT PRESENTLY EXISTS OR THAT MAY OCCUR IN THE VEHICLE.

BUYER'S SIGNATURE X ____________________

**Buyer agrees that this Agreement includes all of the terms and conditions on all pages of this Agreement hereof, that this Agreement cancels and supersedes any prior agreement including oral agreements, and as of the date below comprises, with any retail installment sale contract, the complete and exclusive statement of the terms of the agreement relating to the subject matters covered by this Agreement. Buyer, by signing this Agreement, acknowledges that he/she has read its terms and has received a true copy of this Agreement.**

**This Agreement is not binding upon either Seller or Buyer until signed by an authorized Seller representative. YOU, THE BUYER, MAY CANCEL THIS AGREEMENT AND RECEIVE A FULL REFUND ANY TIME BEFORE RECEIPT OF A COPY OF THE AGREEMENT SIGNED BY AN AUTHORIZED SELLER REPRESENTATIVE BY GIVING WRITTEN NOTICE OF CANCELLATION TO SELLER.**

**Agreement to Arbitrate:** By signing below, you agree that, pursuant to the Arbitration Provision on page 4 of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

Buyer Signs X ____________________ Co-Buyer Signs X ____________________

**BUYER HAS READ ALL PAGES OF THIS AGREEMENT AND AGREES TO ALL TERMS AND CONDITIONS IN THIS AGREEMENT.**

**BUYER SIGNS X** ____________________ **DATE** 01/08/2022

**CO-BUYER SIGNS X** ____________________ **DATE** N/A

**MANAGER'S APPROVAL (Must Be Accepted By An Authorized Representative of the Seller)**

**X** ____________________ **DATE** 01/08/2022

Case 5:26-cv-00320-D-RN Document 24-2 Filed 08/21/26 Page 2 of 4

## ADDITIONAL TERMS AND CONDITIONS

1. These definitions apply to this Agreement:

   ***"Agreement"*** means this Buyer's Order.
   ***"Buyer"*** means the party or parties executing this Agreement as such.
   ***"Manufacturer"*** means the manufacturer of the Vehicle.
   ***"Seller"*** means the authorized Seller named on page 1 of this Agreement.
   ***"Trade-in"*** is the used vehicle that Buyer intends to use as part of the consideration for the purchase price of the Vehicle or otherwise is to be transferred to Seller.
   ***"Vehicle"*** is the vehicle or chassis that is the subject of this Agreement.

   Seller is not the Manufacturer's agent. Buyer and Seller are the sole parties to this Agreement. References in this Agreement to Manufacturer are for the purpose of describing certain contractual relationships between the Manufacturer and Seller relating to new vehicles.

2. The Manufacturer may change the design of any vehicle, chassis, accessories, or parts at any time without notice. The Manufacturer may also make the same or any similar change upon any vehicle, chassis, accessories, or parts already bought by or shipped to Seller or being manufactured or sold in accordance with Seller orders. If the Manufacturer makes such a change, Seller has no obligation to Buyer to notify Buyer or make the same or any similar change in the Vehicle or its parts either before or after Seller delivers the Vehicle to Buyer. The Manufacturer may change the price of new vehicles without notice. If the Manufacturer changes the price of the new vehicle of the series and body type of the Vehicle before Seller delivers it to Buyer, Seller may change the price of the Vehicle to Buyer accordingly. If Seller changes the price of the Vehicle, Buyer may cancel this Agreement and Seller shall return the Trade-in to Buyer if the Trade-in remains available. Buyer agrees to pay Seller reasonable storage and repair charges. If the Trade-in is unavailable, Seller shall pay Buyer the Trade-in allowance less a sales commission of 15% and any expense in storing, insuring, conditioning or advertising the Trade-in for sale unless prohibited by law.

3. If Buyer doesn't deliver the Trade-in to Seller until Seller delivers the Vehicle to Buyer, Seller will reappraise the Trade-in at that time, subject to applicable law. The reappraised value will be the allowance for the Trade-in. If the reappraised value is lower than the amount shown in this Agreement, Buyer may cancel this Agreement. Buyer must exercise Buyer's right to cancel before Seller delivers the Vehicle to Buyer and Buyer surrenders the Trade-in to Seller.

4. Buyer shall give Seller satisfactory evidence of title to any Trade-in upon delivery to Seller. Buyer warrants any Trade-in to be Buyer's property, free and clear of all liens and encumbrances unless otherwise noted in this Agreement, and that the Trade-in has never had a salvage or "branded" title, been reconstructed, rebuilt, flooded or had major mechanical damage that caused the reconstruction of the Trade-in. Buyer represents that the Trade-in's mileage shown in this Agreement is the actual mileage on the Trade-in. Buyer authorizes Seller to rely on this representation in entering into this Agreement. If Buyer provides false information related to the Trade-in Buyer agrees to repurchase the Trade-in for the full allowance given to Buyer plus all costs incurred by Seller in resolving the matter including but not limited to reconditioning costs, legal fees, court and collection costs.

5. Except as permitted under **Sections 2** or **3** above, if Buyer fails or refuses to accept delivery of the Vehicle or comply with this Agreement, without limiting any other rights Seller may have, Seller may keep as liquidated damages any deposit made by Buyer, to the extent not prohibited by law. Seller may also reimburse itself for any expenses and losses it incurs or suffers as a result of Buyer's failure or refusal to comply with this Agreement, including, without limitation, reasonable attorney's fees. Seller isn't liable for failure to deliver or delay in delivering the Vehicle where such failure or delay is due, in whole or in part, to any cause beyond Seller's control or without Seller's fault or negligence.

6. The Vehicle price doesn't include sales taxes, use taxes or occupational taxes (federal, state or local) unless expressly so stated. Buyer agrees to pay, unless prohibited by law, any such taxes imposed on or that apply to the transaction reflected by this Agreement, regardless of who has primary liability for the tax.

7. If this Agreement shows a charge for credit insurance, this paragraph applies. The credit insurance provisions in any retail installment sale contract Buyer may sign related to this Agreement will apply. If such credit insurance is wholly or partially unavailable under the designated policy, Seller will deduct the applicable part of the credit insurance charge shown in this Agreement and the related finance charge from the total time balance. If such credit insurance does not become effective, Seller will notify Buyer. This Agreement and any related retail installment sale contract Buyer may sign shall otherwise remain fully effective, to the extent provided by applicable law.

8. Buyer agrees to sign such agreements or documents as Seller may reasonably require to effect the terms and conditions of payment shown in this Agreement and to otherwise carry out the intent of this Agreement.

9. Buyer may arrange financing through Seller or a finance source of Buyer's choosing. Buyer may be able to obtain more favorable financing from a third party. Buyer understands the annual percentage rate (APR) quoted by Seller may be negotiable. If this Agreement shows that any part of the transaction is to be financed, Seller may assist in submitting credit applications to third parties, for which Buyer grants permission.

10. In the event that any of the terms and conditions of this Agreement are inconsistent with the terms and conditions of any retail installment sale contract between Buyer and Seller, the terms of such retail installment sale contract shall apply. Each provision of this Agreement shall be severable from every other provision of this Agreement for the purpose of determining the legal enforceability of any provision hereof.

11. **Used Car Buyers Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.**

    **Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.**

12. **IT IS BUYER'S RESPONSIBILITY TO OBTAIN INSURANCE ON THE VEHICLE.** Seller may request insurance information from Buyer in order to register the Vehicle with the Division of Motor Vehicles (DMV) or for verifying insurance coverage. Seller's request for insurance information does not constitute an agreement to transfer or obtain insurance coverage on the Vehicle. By signing this agreement, Buyer covenants and agrees that Buyer has obtained, or will obtain, before the Vehicle is driven by anyone, insurance on the Vehicle.

13. **EACH PARTY HERETO HEREBY IRREVOCABLY, AND UNCONDITIONALLY WAIVES, TO THE EXTENT PERMITTED BY APPLICABLE LAW, TRIAL BY JURY IN ANY LEGAL ACTION OR PROCEEDING RELATING TO THIS AGREEMENT AND ANY OTHER DOCUMENT RELATED HERETO.**

14. Buyer agrees that Seller may try to contact Buyer in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. Buyer also agrees that Seller may try to contact Buyer in these and other ways at any address or telephone number Buyer provides Seller, even if the telephone number is a cell phone number or the contact results in a charge to Buyer.

15. Payoff information shown on page 1 of this Agreement is provided by you and/or your lienholder. Should the actual payoff(s) be less, we will refund the difference to you. If the payoff(s) is more, you agree to remit the difference to us within three business days of notification of the difference.




© 2017 The Reynolds and Reynolds Company

Buyer Initials ______ Co-Buyer Initials ______ 

THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

## ARBITRATION PROVISION

**PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS**

1. **EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.**
2. **IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.**
3. **DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.**

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrarily of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose the American Arbitration Association, 1633 Broadway, 10th Floor, New York, New York 10019 (www.adr.org), or any other organization to conduct the arbitration subject to our approval. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will pay your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $5000, unless the law or the rules of the chosen arbitration organization require us to pay more. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control. Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act.

You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies, such as repossession, or by filing an action to recover the vehicle, to recover a deficiency balance, or for individual injunctive relief. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Provision shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Provision, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Provision shall be unenforceable.

Case 5:26-cv-00320-D-RN Document 24-2 Filed 08/21/26 Page 4 of 4