FILED

SEP 15 2026

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY ________ DEP CLK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**

**No. 5:26-CV-320-D-RN**

**PAMELA DENISE JOHNSON,**
Plaintiff,

v.

CONSUMER PORTFOLIO SERVICES, INC.; PLATINUM PRE-OWNED, LLC; PRANCER CAPITAL CORP.; AMERICAN RECOVERY SERVICES; ERIE INSURANCE COMPANY; NC RECOVERY SERVICES, INC.; et al.,
Defendants.

**DECLARATION OF PAMELA DENISE JOHNSON IN OPPOSITION TO PLATINUM PRE-OWNED, LLC'S MOTION TO DISMISS**
**28 U.S.C. § 1746**

**DECLARATION OF PAMELA DENISE JOHNSON**

I, Pamela Denise Johnson, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following statements are true and correct based on my personal knowledge:

1. I am the Plaintiff in this action.

2. I purchased the 2021 Mitsubishi Outlander Sport involved in the claims against Platinum Pre-Owned, LLC ("Platinum") in Pennsylvania in January 2022. The vehicle was acquired primarily for personal and family use.

3. Shortly after the transaction, I received and retained a GAP-related document. A true and correct copy of the document in my possession is attached as Exhibit A.

4. I have reviewed the GAP Addendum filed by Platinum with its motion papers. I did not execute the customer signature appearing on that filed GAP Addendum, and I did not authorize another person to sign my name on that line.

5. I have reviewed the Buyer's Guide filed by Platinum. I do not recognize the customer signature appearing on that document as my signature, and I deny executing that signature.

6. Some signatures appearing on Platinum's transaction documents are mine. I am not claiming that every signature on every document is unauthorized. Where I am uncertain about a signature, I do not represent it as false without further examination of the original document.

7. The GAP Addendum that I retained differs from the GAP Addendum Platinum filed in this case. In particular, the handwritten customer-signature field and seller-side handwriting/signature placement appear different to me. Because I have not had an opportunity to inspect the original or native records, I cannot determine how Platinum's filed version was created, stored, or produced. I therefore request an opportunity to inspect those records. I am not offering a handwriting-expert opinion.

8. For years I sought records concerning the vehicle transaction, financing, GAP product, and insurance issues from Platinum and other entities involved in the transaction. In 2025 and 2026 I again raised these disputes and sought the underlying records.

9. By February 17, 2026, the Pennsylvania Office of Attorney General was corresponding with me at 2314 Saddle Run Court, Rocky Mount, North Carolina 27804 concerning my complaint against Platinum.

10. I received Pennsylvania Attorney General letters dated February 17 and March 6, 2026 stating that a copy of my complaint "as presented to the Bureau" had been sent to Platinum and that Platinum had been asked to provide a written response within twenty-one days. I later received a copy of a written response signed by Jason Layton, Platinum's General Manager, acknowledging receipt of the complaint and addressing my January 8, 2022 Mitsubishi transaction, financing, insurance, signed documents, and my post-sale concerns. True and correct copies of the Attorney General correspondence and Platinum's response are attached as Exhibit B.

11. On January 27, 2026, at approximately 6:09 p.m., I placed an outgoing call to Platinum at (717) 218-5133, the telephone number identified for Platinum on the GAP document. I spoke with Mr. Layton, and my phone records reflect that the call lasted approximately 23 minutes.

During a subsequent call to Platinum on March 17, 2026, at approximately 5:17 p.m., I spoke with Platinum employee Geoffrey while Mr. Layton was unavailable. I explained that I had previously spoken with Mr. Layton regarding the transaction, missing records, financing charges, and insurance-related issues, and that I had not received the documents I had been told would be sent. Geoffrey stated that he took notes regarding my concerns, would relay the matter to Mr. Layton, and identified himself as a point of contact for further communication.

A true and correct copy of my January 27, 2026 call-history record is attached as Exhibit D.

12. On March 27 and March 28, 2026, I exchanged emails with Platinum employee Cory Henneghan concerning my requests for transaction records, including contracts, bills of sale, credit applications, insurance documents, and related dealership records. True and correct copies of the relevant email chain are attached as Exhibit C.

13. The Attorney General records show that Platinum received and responded to my complaint during the same period in which I was communicating directly with Platinum about the disputed transaction and missing records. I do not know from the documents presently available exactly which address information was included in the complaint packet transmitted to Platinum, and I therefore request discovery of that transmittal and Platinum's customer-address records rather than asking the Court to assume the answer.

14. I request limited discovery concerning when Platinum learned of my North Carolina residence; the complaint packet and transmittal Platinum received from the Pennsylvania Attorney General; Platinum's customer-address history and CRM notes; Platinum's communications with me after receipt of that complaint; and the original or native records underlying the disputed transaction documents.

15. I make this declaration to identify the specific factual disputes and jurisdictional evidence relevant to Platinum's motion. I do not offer opinions about handwriting forensics or digital document manipulation beyond what I personally observed and the specific signatures I deny executing.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: September 14, 2026

Pamela Denise Johnson