**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **PAMELA DENISE JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 5:26-CV-00320-D-RN** |
| | ) | |
| **NC RECOVERY SERVICES, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PATRICK K. WILLIS COMPANY, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT**

COMES NOW Defendant Patrick K. Willis Company, Inc. d/b/a American Recovery Service ("P.K. Willis"), by and through undersigned counsel, and for its Answer and Affirmative Defenses to the Second Amended Complaint filed by Plaintiff Pamela Denise Johnson ("Plaintiff"), states as follows:

## I. Parties to This Complaint

### B. The Defendant(s)

**5. NC RECOVERY SERVICES, INC-**Thomas G. Smith

The allegations in the unnumbered paragraph(s) under the heading "NC RECOVERY SERVICES, INC." are directed to a party other than P.K. Willis, for which no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

**6. ERIE INSURANCE COMPANY**

The allegations in the unnumbered paragraph(s) under the heading "ERIE INSURANCE COMPANY" are directed to a party other than P.K. Willis, for which no response from P.K. Willis

is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

## II. Basis for Jurisdiction

### B. Supplemental Jurisdiction (28 U.S.C. § 1367)

The allegations in the unnumbered paragraph(s) under the heading "Supplemental Jurisdiction," including all bulleted subparagraphs thereto, state a legal conclusion for which no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

### C. Diversity Jurisdiction (Alternative Basis)

The allegations in the unnumbered paragraph(s) under the heading "Diversity Jurisdiction" state a legal conclusion for which no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis admits only that it is a citizen of a state other than North Carolina. Otherwise, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

### D. Personal Jurisdiction

The allegations in the unnumbered paragraph(s) under the heading "Personal Jurisdiction" state a legal conclusion or are directed at parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent the allegations are directed at P.K. Willis, P.K. Willis admits only that it participates in the repossession of vehicles, some of which may occur in North Carolina. Otherwise, P.K. Willis denies all allegations directed at P.K. Willis. To the extent the allegations are directed at parties other than P.K. Willis, P.K. Willis is without sufficient knowledge and

information to admit or deny the allegations and, therefore, denies the same and demands strict proof thereof.

## III. Statement of Claim

**Key Facts**

### 1. Contract Irregularities & Misrepresentations[1]

P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in the unnumbered paragraph(s) under the heading "Contract Irregularities & Misrepresentations," including all bulleted subparagraphs thereto, and, therefore, denies the same and demands strict proof thereof.

### 2. Improper Account Handling (Consumer Portfolio Services, Inc.)

The allegations in the unnumbered paragraph(s) under the heading "Improper Account Handling" are directed to a party other than P.K. Willis, for which no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph, including all bulleted subparagraphs thereto, and, therefore, denies the same and demands strict proof thereof.

### 3. Wrongful Repossession (May 2025)

P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in the unnumbered paragraph(s) under the heading "Wrongful Repossession," including all bulleted subparagraphs thereto, and, therefore, denies the same and demands strict proof thereof.

---

[1] For ease of reference, P.K. Willis reproduces the headings used by Plaintiff in the Second Amended Complaint in this Answer and Affirmative Defenses. Such reproduction should not be construed as an admission that the headings state a fact. To the extent the headings in the Second Amended Complaint may be construed as making any factual allegation, all such allegations are denied.

**4. Post-Repossession Violations**

P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in the unnumbered paragraph(s) under the heading "Post-Repossession Violations," including all bulleted subparagraphs thereto, and, therefore, denies the same and demands strict proof thereof.

**5. Credit Reporting Harm (Consumer Portfolio Services, Inc.)**

The allegations in the unnumbered paragraph(s) under the heading "Credit Reporting Harm" are directed to a party other than P.K. Willis, for which no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph, including all bulleted subparagraphs thereto, and, therefore, denies the same and demands strict proof thereof.

**5A. Credit Reporting Disputes and Reinvestigations**

The allegations in the unnumbered paragraph(s) under the heading "Credit Reporting Disputes and Reinvestigations" are directed to a party other than P.K. Willis, for which no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

**6. Insurance Misconduct (Erie Insurance Company)**

The allegations in the unnumbered paragraph(s) under the heading "Insurance Misconduct" are directed to a party other than P.K. Willis, for which no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph, including all bulleted subparagraphs thereto, and, therefore, denies the same and demands strict proof thereof.

## III. Statement of Claim (Cont)

### A. The Vehicle Purchase and Initial Misrepresentations (2021)

1. P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

2. P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

3. P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph, including subparagraphs (a) through (e) thereto, and, therefore, denies the same and demands strict proof thereof.

4. P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

5. P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

6. P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

7. P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

### B. Insurance Steering and Lienholder Misrepresentation

8. P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

9. P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

10. P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

11. P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

**C. Prancer's Denial and ECOA Violations**

12. P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

13. P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

14. P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

**D. Consumer Portfolio Services, Inc.'s Assumption of the Account and Deceptive Accounting**

15. P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

16. P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

17. P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

18. P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

19. P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

**E. Defective Notice of Intent to Sell**

20. P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

21. P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

22. This paragraph states a legal conclusion to which no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis admits only that the statute speaks for itself and denies any characterization by Plaintiff. Otherwise, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

23. P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

**E1. Failure to Identify Applicable Law and Required Notices**

24. P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

25. To the extent the allegations in this paragraph are directed to P.K. Willis, such allegations are denied. To the extent the allegations in this paragraph are directed at parties other than P.K. Willis, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations and, therefore, denies the same and demands strict proof thereof.

26. To the extent the allegations in this paragraph are directed to P.K. Willis, such allegations are denied. To the extent the allegations in this paragraph are directed at parties other than P.K. Willis, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations and, therefore, denies the same and demands strict proof thereof.

27. To the extent the allegations in this paragraph are directed to P.K. Willis, such allegations are denied. To the extent the allegations in this paragraph are directed at parties other

than P.K. Willis, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations and, therefore, denies the same and demands strict proof thereof.

28. To the extent the allegations in this paragraph are directed to P.K. Willis, such allegations are denied. To the extent the allegations in this paragraph are directed at parties other than P.K. Willis, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations and, therefore, denies the same and demands strict proof thereof.

**F. Illegal Repossession and Breach of the Peace (May 13, 2025)**

29. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

30. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

31. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

32. P.K. Willis denies all allegations of wrongdoing in connection with the repossession at issue. Otherwise, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

33. The allegations in this paragraph are directed to parties other than P.K. Willis and state a legal conclusion, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis admits only that the statute speaks for itself and denies any characterization by Plaintiff. Otherwise, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

34. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

**G. Malicious Destruction of Property**

35. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

36. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

37. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

**H. Consequential Damages: Loss of Job and Home**

38. P.K. Willis denies all allegations of wrongdoing in connection with the repossession at issue. Otherwise, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

39. P.K. Willis denies that any damages suffered by Plaintiff arose from any actions by P.K. Willis. Otherwise, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

40. P.K. Willis denies that any damages suffered by Plaintiff arose from any actions by P.K. Willis. Otherwise, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

41. P.K. Willis denies that any damages suffered by Plaintiff arose from any actions by P.K. Willis. Otherwise, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

**I. Debt Sold During Active Dispute**

42. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

43. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is

without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

44. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

**J. Ongoing Harm**

45. P.K. Willis denies that any harm or damages suffered by Plaintiff arose from any actions by P.K. Willis. Otherwise, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

## IV. Claims for Relief

### Federal Claims

In response to the bulleted subparagraphs appearing beneath the heading "Federal Claims," P.K. Willis admits only that Plaintiff purports to bring claims under the statutes identified therein but denies that Plaintiff has stated any valid claim against P.K. Willis and demands strict proof thereof.

### State-Law Claims

In response to the bulleted subparagraphs appearing beneath the heading "State-Law Claims," P.K. Willis admits only that Plaintiff purports to bring the claims identified therein but denies that Plaintiff has stated any valid claim against P.K. Willis and demands strict proof thereof.

## V. Injuries

In response to the bulleted subparagraphs appearing beneath the heading "Injuries," P.K. Willis denies that any harm or damages suffered by Plaintiff arose from any actions by P.K. Willis.

Otherwise, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

## VI. Relief Requested

In response to the bulleted subparagraphs appearing beneath the heading "Relief Requested," P.K. Willis admits only that Plaintiff requests various relief from all defendants but denies that Plaintiff suffered any harm or damages from any actions by P.K. Willis and denies that Plaintiff is entitled from any relief from P.K. Willis whatsoever.

## VI. REGULATORY COMPLAINTS & CONTRADICTIONS

### A. Plaintiff's Regulatory Complaints

46. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

47. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

48. To the extent the allegations in this paragraph are directed to P.K. Willis, such allegations are denied. To the extent the allegations in this paragraph are directed at parties other than P.K. Willis, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations and, therefore, denies the same and demands strict proof thereof.

### B. Defendants' Contradictory Statements to Regulators

49. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is

without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

50. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

51. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

52. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

53. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

**C. Defendants' Failure to Respond to Certified Mail ("Green Sheets")**

54. P.K. Willis admits that it received correspondence from Plaintiff regarding the repossession at issue. Otherwise, P.K. Willis denies the allegations directed at it in this paragraph. To the extent the allegations in this paragraph are directed at parties other than P.K. Willis, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations and, therefore, denies the same and demands strict proof thereof.

55. P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

56. To the extent the allegations in this paragraph are directed to P.K. Willis, such allegations are denied. To the extent the allegations in this paragraph are directed at parties other than P.K. Willis, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations and, therefore, denies the same and demands strict proof thereof.

57. To the extent the allegations in this paragraph are directed to P.K. Willis, such allegations are denied. To the extent the allegations in this paragraph are directed at parties other than P.K. Willis, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations and, therefore, denies the same and demands strict proof thereof.

**D. Defendants' Failure to Respond to Disputes**

58. P.K. Willis admits that it received correspondence from Plaintiff regarding the repossession at issue. Otherwise, P.K. Willis denies the allegations directed at it in this paragraph. To the extent the allegations in this paragraph are directed at parties other than P.K. Willis, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations and, therefore, denies the same and demands strict proof thereof.

59. P.K. Willis admits that it received correspondence from Plaintiff regarding the repossession at issue. Otherwise, P.K. Willis denies the allegations directed at it in this paragraph. To the extent the allegations in this paragraph are directed at parties other than P.K. Willis, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations and, therefore, denies the same and demands strict proof thereof.

60. To the extent the allegations in this paragraph are directed to P.K. Willis, such allegations are denied. To the extent the allegations in this paragraph are directed at parties other

than P.K. Willis, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations and, therefore, denies the same and demands strict proof thereof.

61. To the extent the allegations in this paragraph are directed to P.K. Willis, such allegations are denied. To the extent the allegations in this paragraph are directed at parties other than P.K. Willis, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations and, therefore, denies the same and demands strict proof thereof.

62. To the extent the allegations in this paragraph are directed to P.K. Willis, such allegations are denied. To the extent the allegations in this paragraph are directed at parties other than P.K. Willis, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations and, therefore, denies the same and demands strict proof thereof.

**E. Debt Sold During Active Investigation**

63. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

64. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

65. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

**F. Regulatory Admissions Through Uploaded Documents**

66. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

67. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

68. P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

### G. Pattern of Evasion and Non-Compliance

69. To the extent the allegations in this paragraph are directed to P.K. Willis, such allegations are denied. To the extent the allegations in this paragraph are directed at parties other than P.K. Willis, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations and, therefore, denies the same and demands strict proof thereof.

70. P.K. Willis denies that Plaintiff has any support for claims against P.K. Willis. To the extent the allegations in this paragraph are directed at parties other than P.K. Willis, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations and, therefore, denies the same and demands strict proof thereof.

## VII. EMPLOYEE MISCONDUCT

### A. CPS Employee "Irma" — "No Need to Provide Accounting"

71. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is

without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

72. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

73. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

74. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

75. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

**B. CPS Employee "Isabel" — False Statements About Federal Law and Cooling-Off Rights**

76. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

77. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

78. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

79. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

80. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

**C. Prancer Employee — Admission of ECOA Violation and Lienholder Contradiction**

81. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

82. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is

without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

83. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

84. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

85. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

86. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

### D. PK Willis / ARS Employee — Statements Regarding Interactions During Repossession

87. P.K. Willis admits only that any recording of a telephone call speaks for itself and denies any characterization by Plaintiff of the same. Otherwise, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

88. This paragraph states a legal conclusion to which no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis admits only that the statute speaks for itself and denies any characterization by Plaintiff. Otherwise, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

89. P.K. Willis denies the allegations in this paragraph and demands strict proof thereof.

**E. NC Recovery Services Agents — Trespass, Refusal to Leave, and Property Destruction**

90. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

91. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

92. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

93. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is

without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

94. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

95. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

96. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

**F. Vicarious Liability for Employee Misconduct**

97. To the extent the allegations in this paragraph are directed to P.K. Willis, such allegations are denied. To the extent the allegations in this paragraph are directed at parties other than P.K. Willis, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations and, therefore, denies the same and demands strict proof thereof.

98. To the extent the allegations in this paragraph are directed to P.K. Willis, such allegations are denied. To the extent the allegations in this paragraph are directed at parties other than P.K. Willis, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations and, therefore, denies the same and demands strict proof thereof.

## VIII. EVIDENCE OF WILLFUL MISCONDUCT & RECORDED ADMISSIONS

### A. One-Party Consent Recordings (North Carolina Law)

99. This paragraph states a legal conclusion to which no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis admits only that the statute speaks for itself and denies any characterization by Plaintiff. Otherwise, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

100. P.K. Willis denies the allegations in this paragraph and demands strict proof thereof.

### B. Recording: CPS Employee "Irma" Tradeline Department— "It Was Charged Off With Us"

101. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

102. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

103. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

104. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

**C. Recording: CPS Employee "Isabel" — False Statements About Federal Law**

105. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

106. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

107. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

108. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

**D. Recording: Prancer Capital — Admission of ECOA Violation**

109. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is

without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

110. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

111. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

112. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

113. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

**E. Call Recording Admission: PK Willis / ARS — "Hooked" while still on my property**

114. P.K. Willis admits only that any recording of a telephone call speaks for itself and denies any characterization by Plaintiff of the same. Otherwise, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

115. This paragraph states a legal conclusion to which no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis admits only that the statute speaks for itself and denies any characterization by Plaintiff. Otherwise, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

116. P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

**F. Video and Photographic Evidence of Property Destruction**

117. P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

118. P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

**G. Certified Mail Receipts ("Green Sheets")**

119. P.K. Willis admits that it received correspondence from Plaintiff regarding the repossession at issue. Otherwise, P.K. Willis denies the allegations directed at it in this paragraph. To the extent the allegations in this paragraph are directed at parties other than P.K. Willis, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations and, therefore, denies the same and demands strict proof thereof.

120. P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

121. To the extent the allegations in this paragraph are directed to P.K. Willis, such allegations are denied. To the extent the allegations in this paragraph are directed at parties other than P.K. Willis, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations and, therefore, denies the same and demands strict proof thereof.

122. P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

**H. $0 Balance Due dated 05/15/2025**

123. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

124. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

125. P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

**I. Defective Notice of Intent to Sell (Obtained from CFPB Portal)**

126. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

127. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

128. P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

**J. February 16, 2026 Letter — Refusal to Issue 1099-C**

129. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

130. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

131. P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

**K. Eviction Docket and Hotel/Rental Receipts**

132. P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

133. P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

134. P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

**L. Debt Buyer Contradictions**

135. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

136. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

137. P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

## IX. CAUSES OF ACTION

### COUNT I – BREACH OF THE PEACE

**Against Defendants CPS, ARS/PK Willis, and NC Recovery Services** (Under N.C. Gen. Stat. § 25-9-609)

138. P.K. Willis adopts and incorporates its responses to the preceding paragraphs as if fully set forth herein.

139. This paragraph states a legal conclusion to which no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis admits only that the statute speaks for itself and denies any characterization by Plaintiff. Otherwise, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

140. P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

141. P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

142. P.K. Willis denies the allegations in this paragraph and demands strict proof thereof.

143. This paragraph states a legal conclusion to which no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis admits only that North Carolina law speaks for itself and denies any characterization by Plaintiff. Otherwise, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

144. P.K. Willis denies the allegations in this paragraph and demands strict proof thereof.

145. P.K. Willis denies the allegations in this paragraph and demands strict proof thereof.

**COUNT II – CONVERSION**

**Against ARS/PK Willis and NC Recovery Services**

146. P.K. Willis adopts and incorporates its responses to the preceding paragraphs as if fully set forth herein.

147. P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

148. P.K. Willis denies the allegations in this paragraph and demands strict proof thereof.

149. P.K. Willis denies the allegations in this paragraph and demands strict proof thereof.

150. P.K. Willis denies the allegations in this paragraph and demands strict proof thereof.

**COUNT III – TRESPASS TO LAND**

**Against ARS/PK Willis and NC Recovery Services**

151. P.K. Willis adopts and incorporates its responses to the preceding paragraphs as if fully set forth herein.

152. P.K. Willis denies the allegations in this paragraph and demands strict proof thereof.

153. P.K. Willis denies the allegations in this paragraph and demands strict proof thereof.

154. P.K. Willis denies the allegations in this paragraph and demands strict proof thereof.

**COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)**

**Against ARS/PK Willis and NC Recovery Services**

155. P.K. Willis adopts and incorporates its responses to the preceding paragraphs as if fully set forth herein.

156. P.K. Willis denies the allegations in this paragraph and demands strict proof thereof.

157. P.K. Willis denies the allegations in this paragraph and demands strict proof thereof.

158. P.K. Willis denies the allegations in this paragraph and demands strict proof thereof.

**COUNT V – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

**Against ARS/PK Willis, NC Recovery Services, Southern Financial Capital Group, and Stradford Group** (15 U.S.C. § 1692 et seq.)

159. P.K. Willis adopts and incorporates its responses to the preceding paragraphs as if fully set forth herein.

160. P.K. Willis denies the allegations in this paragraph and demands strict proof thereof.

161. P.K. Willis denies the allegations in this paragraph, and all bulleted subparagraphs thereto, and demands strict proof thereof.

162. P.K. Willis denies the allegations in this paragraph and demands strict proof thereof.

**COUNT VI – VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA)**

**Against CPS, Prancer, Southern Financial Ca, and Stradford Group** (15 U.S.C. § 1681 et seq.)

163. P.K. Willis adopts and incorporates its responses to the preceding paragraphs as if fully set forth herein.

164. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph, or the bulleted subparagraphs thereto, and, therefore, denies the same and demands strict proof thereof.

165. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

166. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

**COUNT VII – VIOLATION OF THE EQUAL CREDIT OPPORTUNITY ACT (ECOA)**

**Against Prancer Capital Corp.** (15 U.S.C. § 1691(d))

167. P.K. Willis adopts and incorporates its responses to the preceding paragraphs as if fully set forth herein.

168. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

169. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

170. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

171. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

**COUNT VIII – VIOLATION OF THE TRUTH IN LENDING ACT (TILA)**

**Against Platinum Pre-Owned LLC** (15 U.S.C. § 1601 et seq.)

172. P.K. Willis adopts and incorporates its responses to the preceding paragraphs as if fully set forth herein.

173. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph, and, therefore, denies the same and demands strict proof thereof.

174. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

175. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

176. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

177. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

178. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is

without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

**COUNT IX – UCC ARTICLE 9 VIOLATIONS**

**Against CPS** (N.C. Gen. Stat. §§ 25-9-610, 25-9-614, 25-9-625)

179. P.K. Willis adopts and incorporates its responses to the preceding paragraphs as if fully set forth herein.

180. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

181. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph, or the bulleted subparagraphs thereto, and, therefore, denies the same and demands strict proof thereof.

182. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

183. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

184. [2]

**COUNT X – UNFAIR AND DECEPTIVE TRADE PRACTICES**

**Against CPS, Platinum, Prancer, ARS, NC Recovery, and ERIE** (N.C. Gen. Stat. § 75-1.1)

185. P.K. Willis adopts and incorporates its responses to the preceding paragraphs as if fully set forth herein.

186. To the extent the allegations in this paragraph, or the bulleted subparagraphs thereto, are directed to P.K. Willis, such allegations are denied. To the extent the allegations in this paragraph, or the bulleted subparagraphs thereto, are directed at parties other than P.K. Willis, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations and, therefore, denies the same and demands strict proof thereof.

187. To the extent the allegations in this paragraph are directed to P.K. Willis, such allegations are denied. To the extent the allegations in this paragraph are directed at parties other than P.K. Willis, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations and, therefore, denies the same and demands strict proof thereof.

188. To the extent the allegations in this paragraph are directed to P.K. Willis, such allegations are denied. To the extent the allegations in this paragraph are directed at parties other than P.K. Willis, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations and, therefore, denies the same and demands strict proof thereof.

**COUNT XI – PENNSYLVANIA UTPCPL VIOLATIONS**

**Against Platinum Pre-Owned LLC**

[2] This numbered paragraph was included in the Second Amended Complaint and was blank, therefore no response from P.K. Willis is necessary.

189. P.K. Willis adopts and incorporates its responses to the preceding paragraphs as if fully set forth herein.

190. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

191. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph, or the bulleted subparagraphs thereto, and, therefore, denies the same and demands strict proof thereof.

192. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

**COUNT XII – INSURANCE BAD FAITH**

**Against ERIE Insurance Company**

193. P.K. Willis adopts and incorporates its responses to the preceding paragraphs as if fully set forth herein.

194. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

195. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

196. The allegations in this paragraph are directed to parties other than P.K. Willis, and no response from P.K. Willis is necessary. To the extent a response is required, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

**COUNT XIII – NEGLIGENCE & NEGLIGENT MISREPRESENTATION**

**Against All Defendants**

197. P.K. Willis adopts and incorporates its responses to the preceding paragraphs as if fully set forth herein.

198. To the extent the allegations in this paragraph are directed to P.K. Willis, such allegations are denied. To the extent the allegations in this paragraph are directed at parties other than P.K. Willis, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations and, therefore, denies the same and demands strict proof thereof.

199. To the extent the allegations in this paragraph are directed to P.K. Willis, such allegations are denied. To the extent the allegations in this paragraph are directed at parties other than P.K. Willis, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations and, therefore, denies the same and demands strict proof thereof.

200. To the extent the allegations in this paragraph are directed to P.K. Willis, such allegations are denied. To the extent the allegations in this paragraph are directed at parties other

than P.K. Willis, P.K. Willis is without sufficient knowledge and information to admit or deny the allegations and, therefore, denies the same and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against P.K. Willis upon which relief can be granted.

### SECOND DEFENSE

Some or all of Plaintiff's claims are barred by the statute of limitations and/or laches.

### THIRD DEFENSE

Plaintiff's injuries, if any, were the result of an intervening or superseding cause or the acts or omissions of third or other parties over which P.K. Willis had no responsibility or control and for which P.K. Willis may not be held liable.

### FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of recoupment and/or set-off.

### FIFTH DEFENSE

Plaintiff's claims fail to the extent that Plaintiff failed to mitigate damages, if any, and/or failed to act with reasonable diligence.

### SIXTH DEFENSE

Plaintiff's claims are barred because Plaintiff has not sustained any damages as a result of any alleged act or omission by P.K. Willis.

**SEVENTH DEFENSE**

P.K. Willis denies that it is guilty of any wrongdoing, either negligent, wanton, willful, or otherwise.

**EIGHTH DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel (including collateral estoppel and judicial estoppel), *res judicata*, release, consent, ratification, acquiescence, novation, and/or unclean hands.

**NINTH DEFENSE**

The claims asserted by Plaintiff against P.K. Willis are barred by any bankruptcy case filed by Plaintiff, based on the doctrines of *res judicata*, judicial estoppel, 11 U.S.C. § 1327(a), 11 U.S.C. § 704, 11 U.S.C. § 541, waiver, equitable estoppel, and/or release. Moreover, as a result of any such prior proceedings, Plaintiff is not the real party in interest to bring the present claims and lacks standing to pursue the causes of action.

**TENTH DEFENSE**

Any violation of the law or damage suffered by Plaintiff, which P.K. Willis denies, was due to the affirmative actions and/or omissions of Plaintiff and does not give rise to any liability of P.K. Willis.

**ELEVENTH DEFENSE**

Plaintiff lacks standing for some or all of the claims in the Second Amended Complaint.

**TWELFTH DEFENSE**

All trespass and related claims are barred by the doctrine of consent, because Plaintiff consented to entry for purposes of repossession upon default under the terms of the contract.

**THIRTEENTH DEFENSE**

Any violation of the FDCPA by P.K. Willis was unintentional and the result of a bona fide error made in good faith despite the existence of procedures reasonably adapted to avoid the error.

**FOURTEENTH DEFENSE**

P.K. Willis adopts and incorporates all affirmative defenses under the FDCPA.

**FIFTEENTH DEFENSE**

To the extent sought, Plaintiff cannot recover for mental pain and suffering, emotional distress, or similar damages, if any, in that there is no fixed, objective and/or clear and consistent standard under federal law for ascertaining the amount thereof, such that any award of said damages against P.K. Willis would violate the Fifth and Fourteenth Amendments to the United States Constitution, which prohibit deprivation of life, liberty, or property, except by due process.

**SIXTEENTH DEFENSE**

P.K. Willis denies that it is guilty of any conduct that would entitle Plaintiff to recover exemplary and/or punitive damages.

**SEVENTEENTH DEFENSE**

Plaintiff's claims for exemplary and/or punitive damages against P.K. Willis cannot be upheld to the extent they are in violation of any law passed by the United States Congress or the State Legislature limiting such awards or the amount of such damages.

**EIGHTEENTH DEFENSE**

Plaintiff's claims for punitive and/or exemplary damages are barred, in whole or in part, to the extent an award of any such punitive damages would be violative of the holdings of, and/or standards set forth in, *BMW of North America v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 121 S. Ct.

1678, 149 L. Ed. 2d 674 (2001); *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003); and any subsequently entered opinions of the United States Supreme Court addressing punitive and/or exemplary damages.

## RESERVATION OF DEFENSES

P.K. Willis reserves the right to assert additional defenses as discovery progresses. To the extent that any of the foregoing allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

Respectfully submitted, this 29th day of September, 2026.

*/s/ Ryli W. Leader*
Ryli W. Leader (NC Bar No. 61205)
BURR & FORMAN LLP
101 S. Tryon Street, Suite 2610
Charlotte, North Carolina 28280
Telephone: (704) 347-1170
Facsimile: (704) 347-4467
rleader@burr.com

Counsel for Defendant
PATRICK K. WILLIS COMPANY, INC. D/B/A
AMERICAN RECOVERY SERVICE

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of September, 2026, I electronically filed a copy of the foregoing document and served a copy of the foregoing on the following parties via U.S. First Class Mail:

Pamela Denise Johnson
3661 Sunset Ave., Suite 748
Rocky Mount, NC 27804
*Plaintiff, pro se*

*/s/ Ryli W. Leader*
Ryli W. Leader (NC Bar No. 61205)
OF COUNSEL