FILED

SEP 30 2026

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY MM DEP CLK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**

**Case No. 5:26-cv-00320-D-RN**

**PAMELA DENISE JOHNSON,**
Plaintiff,

v.

**AMERICAN RECOVERY SERVICES, et al.,**
Defendants.

---

**PLAINTIFF'S MOTION TO RECONSIDER AND VACATE THE COURT'S SEPTEMBER 28, 2026 ORDER GRANTING DEFENDANT AMERICAN RECOVERY SERVICES LEAVE TO FILE AN ANSWER OUT OF TIME**

Plaintiff **Pamela Denise Johnson**, proceeding pro se, respectfully moves this Honorable Court to reconsider and vacate its September 28, 2026 Order (D.E. 43) granting Defendant American Recovery Services ("ARS") leave to file an answer out of time. In support of this Motion, Plaintiff states as follows:

## I. SUBSTANTIVE MISREPRESENTATION BY DEFENDANT

1. ARS obtained relief from the Court by asserting "excusable neglect." However, the record demonstrates a deliberate pattern of willful non-responsiveness and bad-faith delay. ARS failed to respond until after Plaintiff sought entry of default and then acted only to protect its corporate interests.

## II. ACTUAL NOTICE AND BREACH OF WRITTEN AGREEMENT

1. On September 2, 2026, ARS Chief Risk Officer **Steven Schelk** contacted Plaintiff by email, expressly acknowledging that ARS had been named as a defendant in this action. Mr. Schelk wrote:

"We are named as Defendant #4 in the attached complaint."

1. Mr. Schelk requested a seven-day extension of time to respond to the Complaint.
2. Plaintiff agreed to the requested extension on the express condition that ARS file an appropriate notice or motion with the Court on or before September 9, 2026, so that the extension agreement would be reflected on the docket.
3. ARS responded with a "thank you" but failed to comply with that condition. Instead, ARS remained non-responsive for approximately fourteen additional days and took no action to notify the Court of the agreed extension.
4. A true and correct copy of the email correspondence is attached as **Exhibit B**.

## III. BAD-FAITH MONITORING OF THE DOCKET AND ACTUAL NOTICE OF THE PROCEEDINGS

1. On September 23, 2026, ARS filed its Motion for Leave to File Answer Out of Time (D.E. 37), asserting lack of notice.
2. However, United States Postal Service Tracking records for Tracking No. 9589 0710 5270 3013 6195 49 demonstrate that Plaintiff's physical mailing was not delivered to ARS's front desk or mailroom until September 29, 2026, at approximately 9:44 a.m.
3. ARS therefore filed its motion six days before receiving the mailed materials it now cites as the basis for notice.
4. The timing of ARS's motion strongly indicates that ARS possessed actual notice of this litigation through electronic monitoring of the Court's docket and knowingly chose not to appear until Plaintiff pursued default-related relief.
5. A copy of the USPS tracking confirmation is attached as **Exhibit A**.

## IV. PATTERN OF NON-COMPLIANCE BY CORPORATE DEFENDANTS

1. Plaintiff further notes that while corporate defendants seek immediate leniency for their own procedural failures, certain corporate defendants in this action have repeatedly failed to comply with mandatory filing obligations.

2. For example, co-defendant **Platinum Pre-Owned LLC** has failed to submit required corporate disclosure and financial disclosure filings despite multiple opportunities to do so.
3. Plaintiff respectfully submits that procedural leniency should not operate solely for the benefit of sophisticated corporate defendants while pending motions filed by a pro se litigant remain unresolved.

## V. ARS HAS NOT ESTABLISHED EXCUSABLE NEGLECT

1. Rule 6(b) requires a showing of excusable neglect supported by good faith and reasonable diligence.
2. The documented communications between Plaintiff and ARS establish that ARS possessed actual knowledge of this lawsuit, requested and received a conditional extension, failed to comply with the agreed conditions, and delayed appearing until after Plaintiff sought default-related relief.
3. These facts do not support a finding of excusable neglect and instead demonstrate intentional delay.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Reconsider and vacate its September 28, 2026 Order granting ARS leave to file an answer out of time;

B. Deny Defendant ARS's Motion for Leave to File Answer Out of Time;

C. Direct the Clerk to enter default against Defendant American Recovery Services; and

D. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 30th day of September, 2026.

**Pamela Denise Johnson, Pro Se**
3661 Sunset Ave., Ste. 748

Rocky Mount, NC 27804
Plaintiff

---

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of September, 2026, a true and correct copy of the foregoing **Plaintiff's Motion to Reconsider and Vacate the Court's September 28, 2026 Order Granting Defendant American Recovery Services Leave to File an Answer Out of Time** was hand-delivered to the Clerk of Court and served via United States Postal Service Priority Mail upon:

**Ryli W. Leader**
Burr & Forman LLP
201 North Tryon Street, Suite 300
Charlotte, NC 28202

Counsel for Defendant American Recovery Services.

Pamela Denise Johnson, Pro Se