FILED

SEP 30 2026

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY [signature] DEP CLK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**

**Case No. 5:26-cv-00320-D-RN**

**PAMELA DENISE JOHNSON,**
Plaintiff,

v.

**PRANCER CAPITAL CORP., et al.,**
Defendants.

---

**PLAINTIFF'S REPLY IN OPPOSITION TO DEFENDANT PRANCER CAPITAL CORP.'S RESPONSE REGARDING ENTRY OF DEFAULT**

Plaintiff Pamela Denise Johnson, proceeding pro se, respectfully submits this Reply to Defendant Prancer Capital Corp.'s ("Prancer") Response in Opposition (D.E. 42) and states as follows:

1. **Initial Service is Uncontested.** Prancer explicitly concedes it was fully and properly served with the Summons and original Complaint by the United States Marshals Service on July 20, 2026, creating a responsive deadline of August 10, 2026. (D.E. 42 at 1). Prancer remained completely non-responsive for more than forty-five (45) days following that deadline.
2. **The Existence of Document 15 Is Solely Due to Inverted Clerical Indexing.** Prancer's procedural defense relies entirely on the sequence of Docket Entries 14 and 15. However, that sequence resulted from a record-keeping error. When Plaintiff submitted her First Amended Complaint packet, the Clerk's Office inverted the filing layout. The Clerk mistakenly designated the longer attachment section as the primary filing, Document 14, while classifying Plaintiff's core five-page First Amended Complaint form as an attachment designated Document 14-1. This inverted and fragmented docketing error caused the automated system to

erroneously list Prancer and three other defendants as "terminated" on August 3, 2026.

3. **Plaintiff Complied with Directives from Case Management Staff.** Upon identifying the Clerk's inverted filing error, Case Manager Amber and Supervisor Susan instructed Plaintiff regarding the procedure necessary to correct the administrative mistake. Following those directives, Plaintiff utilized white-out to adjust duplicate dates, reused the fragmented pages from Documents 14 and 14-1, and submitted the corrected filing packet, which was subsequently docketed as Document 15 (Second Amended Complaint). Plaintiff further filed a Motion to Correct the Record and Docket Discrepancies (D.E. 16) on August 6, 2026. That motion remains pending.
4. **Objective Tracking Confirms Active Docket Monitoring and Coordinated Bad Faith.** Prancer claims a lack of notice regarding Plaintiff's filings. However, the objective mailing records undermine that assertion. According to official United States Postal Service tracking data, Plaintiff's Certified Mail packet (Tracking No. 9589071052703013619556, attached as Exhibit A) arrived at the Greensboro, North Carolina Distribution Center on September 22, 2026, and remained in transit without a final delivery confirmation scan. Because the physical mailing had not yet been delivered, Prancer's legal counsel could not have possessed the mailed documents when its Response in Opposition was filed on September 25, 2026. (D.E. 42). The timing strongly suggests that Prancer possessed actual notice through electronic monitoring of the Court's docket. Plaintiff further submits that the circumstances indicate coordination among the defendants, whereby counsel monitoring the docket became aware of Plaintiff's default-related filings and alerted co-defendants before physical mail service was completed. Prancer cannot credibly claim a lack of notice while simultaneously relying upon information that could only have been obtained through active docket monitoring.
5. **IFP Service Status Controls.** Pursuant to 28 U.S.C. § 1915(d), Plaintiff is proceeding in forma pauperis, and the United States Marshals Service retains responsibility for effecting service of summonses and amended pleadings. Any logistical or notification issues arising from administrative docketing discrepancies remain outside Plaintiff's control.

**CONCLUSION**

WHEREFORE, Plaintiff respectfully requests that the Court reject Prancer's procedural defense and, if entry of default is denied, order Defendant Prancer Capital Corp. to file a comprehensive Answer within ten (10) days of the Court's Order.

Respectfully submitted this 30th day of September, 2026.

**Pamela Denise Johnson, Pro Se**
3661 Sunset Ave., Ste. 748
Rocky Mount, NC 27804
Plaintiff

---

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of September, 2026, a true and correct copy of the foregoing **Plaintiff's Reply in Opposition to Defendant Prancer Capital Corp.'s Response Regarding Entry of Default** was hand-delivered to the Clerk of Court and served via United States Postal Service Priority Mail upon:

**David Anthony Grassi**
Frost Echols LLC
P.O. Box 12645
Rock Hill, SC 29731

Counsel for Defendant Prancer Capital Corp.

**Pamela Denise Johnson, Pro Se**

---