IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:26-CV-320-D-RN

PAMELA DENISE JOHNSON,

Plaintiff

v.

CONSUMER PORTFOLIO SERVICES, INC.; PLATINUM PRE-OWNED, LLC; PRANCER CAPITAL CORP.; AMERICAN RECOVERY SERVICES; ERIE INSURANCE COMPANY; NC RECOVERY SERVICES, INC., AMERICAN RECOVERY SERVICES, INC.,

Defendants.

**[PROPOSED] ORDER GRANTING PLATINUM PRE-OWNED, LLC'S MOTION TO DISMISS**

This matter is before the Court on Defendant Platinum Pre-Owned, LLC's motion to dismiss Plaintiff Pamela Denise Johnson's ("Johnson" or "Plaintiff") Second Amended Complaint under Rules 12(b)(2) and 12(b)(6) for lack of personal jurisdiction and failure to state a claim [DE 23]. Platinum filed a memorandum of law and supporting exhibits, including the declaration of Jen Dorazio [DE 24]. Johnson, proceeding pro se, responded in opposition and filed a declaration and exhibits [DE 29]. Platinum replied [DE 45]. In her response, Johnson also asks the court to permit jurisdictional discovery, to convert Platinum's motion to one for summary judgment and permit discovery under Rule 56(d), to sever her claims against Platinum and transfer them to the United States District Court for the Middle District of Pennsylvania, and to grant her leave to amend. As explained below, the court grants Platinum's motion, dismisses without prejudice plaintiff's claims against Platinum for lack of personal jurisdiction, alternatively concludes that the second amended complaint fails to state a claim against Platinum, and denies plaintiff's requests for jurisdictional discovery, conversion, severance, transfer, and leave to amend.

# I.

Platinum is a Pennsylvania limited liability company that operates a used car dealership business exclusively in Pennsylvania. See [DE 24-1, ¶¶ 3–4]. Platinum has two locations, one in Carlisle, Pennsylvania, and one in Mechanicsburg, Pennsylvania. Id. ¶ 4. Platinum does not do business in North Carolina. Id. ¶ 5. All of its employees are located in Pennsylvania. Id. ¶ 6.

On January 8, 2022, Johnson purchased a 2021 Mitsubishi Outlander Sport from Platinum's Carlisle, Pennsylvania location. See id., ¶ 7. At the time of the sale, Johnson listed a Carlisle, Pennsylvania address as her own, and the vehicle was titled and registered to her in Pennsylvania. See [DE 24-2, p 1; DE 24-3, p 1; DE 24-4, p 2]. Johnson alleges that the vehicle "was purchased in Pennsylvania and remained registered in Pennsylvania throughout [her] ownership," carried Pennsylvania tags and registration, was insured through a Pennsylvania policy, and underwent annual Pennsylvania inspection and emissions testing. [DE 15-1, p 4].

Johnson alleges that, in connection with the sale, Platinum engaged in "spot delivery" or "yo-yo" financing by representing that financing had been approved; failed to provide an odometer disclosure statement, the Federal Trade Commission Buyers Guide, a notice of right to rescind, a written itemization of the amount financed, and a written adverse action notice; charged her a $34 notary/messenger fee and a $1,000 charge for GAP coverage that she did not authorize; inaccurately disclosed the finance charge and annual percentage rate ("APR"); and "coerced" her to insure the vehicle with Erie Insurance Company. Id. at 6 ¶¶ 2–8. Based on these allegations, Johnson asserts claims against Platinum under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. (count VIII); the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA"), N.C. Gen. Stat. § 75-1.1 (count X); the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. § 201-1 et seq. (count XI); and for negligence

and negligent misrepresentation (count XIII). Id. at 6, 20–23. Johnson filed this action on May 13, 2026. See [DE 1].

## II.

### A. Personal Jurisdiction

A plaintiff bears the burden of establishing personal jurisdiction over a defendant. See Grayson v. Anderson, 816 F.3d 262, 267–68 (4th Cir. 2016); Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989). When, as here, the court resolves a Rule 12(b)(2) motion on the motion papers, supporting legal memoranda, affidavits, and the allegations in the complaint without an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction. See Grayson, 816 F.3d at 268; Combs, 886 F.2d at 676. In deciding whether plaintiff has made the requisite showing, the court construes all relevant pleading allegations in the light most favorable to plaintiff, assumes credibility, and draws the most favorable inferences for the existence of jurisdiction. See Combs, 886 F.2d at 676. The court, however, need not credit conclusory allegations or draw farfetched inferences. See Masselli & Lane, PC v. Miller & Schuh, PA, No. 99-2440, 2000 WL 691100, at *1 (4th Cir. May 30, 2000) (per curiam) (unpublished). Moreover, the court may consider affidavits and declarations submitted by the parties. See Grayson, 816 F.3d at 268; Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 62 (4th Cir. 1993). The court construes Johnson's pro se filings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

A federal district court may exercise personal jurisdiction over a nonresident defendant only if (1) the forum state's long-arm statute authorizes jurisdiction, and (2) the exercise of jurisdiction comports with the Due Process Clause of the Fourteenth Amendment. See Consulting Eng'rs Corp. v. Geometric Ltd., 561 F.3d 273, 277 (4th Cir. 2009). Because North Carolina's long-

arm statute extends jurisdiction to the outer limits of due process, the two inquiries merge into a single due process inquiry. See Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 558–59 (4th Cir. 2014); Christian Sci. Bd. of Dirs. of First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001).

Due process permits a court to exercise either general or specific personal jurisdiction. See Bristol-Myers Squibb Co. v. Superior Ct., 582 U.S. 255, 262 (2017); Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011). Johnson concedes that Platinum is not subject to general jurisdiction in North Carolina. [DE 29, p 7]. The concession is well taken. Platinum is organized and operates exclusively in Pennsylvania and has no offices, employees, or business in North Carolina. DE 24-1 ¶¶ 3–6; BNSF Ry. Co. v. Tyrrell, 581 U.S. 402, 413 (2017); Daimler AG v. Bauman, 571 U.S. 117, 137 (2014).

As for specific jurisdiction, the court considers (1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the forum state; (2) whether the plaintiff's claims arise out of those activities directed at the forum state; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable. See Consulting Eng'rs, 561 F.3d at 278; ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 712 (4th Cir. 2002). The analysis focuses on "the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." Walden v. Fiore, 571 U.S. 277, 285 (2014). "[T]he plaintiff cannot be the only link between the defendant and the forum." Id. And there must be "an affiliation between the forum and the underlying controversy." Bristol-Myers Squibb, 582 U.S. at 262 (quotation omitted). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." Id. at 264.

Johnson has not made a prima facie showing of specific jurisdiction. Every act of which Johnson complains, including the sale, the financing representations, the fees and disclosures, the GAP charge, and the insurance arrangement, occurred at Platinum's Carlisle, Pennsylvania dealership in January 2022, when Johnson herself resided in Pennsylvania. See DE 15-1, pp 4, 6; DE 24-1, ¶ 7. Johnson does not allege that Platinum directed any of that conduct toward North Carolina. Her generalized allegation that all defendants "purposefully directed business activities toward North Carolina residents" and "caused injury to Plaintiff within North Carolina," [DE 15-1] 3, is conclusory and does not identify any contact that Platinum created with North Carolina. Moreover, Johnson concedes that her own residence in North Carolina "cannot supply the required defendant-created contact." [DE 29, p 7].

Johnson instead relies on communications from 2026, more than four years after the sale: the Pennsylvania Office of Attorney General's transmittal of her consumer complaint to Platinum, the written response of Platinum's general manager to that Pennsylvania agency, telephone calls that Johnson placed to Platinum's Pennsylvania telephone number in January and March 2026, and emails that Johnson exchanged with a Platinum employee in March 2026. See id. at 7–8. These contacts do not support specific jurisdiction. First, Johnson's claims do not arise out of or relate to them. Johnson's claims challenge the January 2022 sale and its documentation, not Platinum's 2026 response to her post-sale inquiries. See Consulting Eng'rs, 561 F.3d at 278–79 (explaining that the defendant's contacts with the forum must "form the basis of the suit"); Bristol-Myers Squibb, 582 U.S. at 264–65. Second, the communications were initiated by Johnson or by a Pennsylvania state agency, and Platinum's principal responsive act was a letter to that Pennsylvania agency. Responding to a Pennsylvania regulator and to a former customer's own calls and emails, even with knowledge that the customer now lives in North Carolina, is not

purposeful availment of the privilege of conducting activities in North Carolina. See Walden, 571 U.S. at 285–86, 289–90; Fidrych v. Marriott Int'l, Inc., 952 F.3d 124, 138–43 (4th Cir. 2020). At most, the communications show that Platinum learned where Johnson lived, and "mere injury to a forum resident is not a sufficient connection to the forum." Walden, 571 U.S. at 290.

Because Johnson has failed to satisfy the first two prongs of the specific-jurisdiction inquiry, the court need not address constitutional reasonableness. See Consulting Eng'rs, 561 F.3d at 278. Accordingly, the court lacks personal jurisdiction over Platinum and grants Platinum's motion to dismiss under Rule 12(b)(2).

**B. Jurisdictional Discovery**

Johnson asks the court to permit jurisdictional discovery into the Attorney General complaint packet that Platinum received, Platinum's customer-address history and customer-management notes, Platinum's communications with Johnson after receipt of her complaint, and related communications with assignees or insurers. See DE 29, p 8. The decision whether to permit jurisdictional discovery lies within the court's discretion. See Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 402–03 (4th Cir. 2003); Base Metal Trading, Ltd. v. OJSC "Novokuznetsky Aluminum Factory", 283 F.3d 208, 216 n.3 (4th Cir. 2002). A court may deny jurisdictional discovery where the plaintiff offers only speculation or conclusory assertions about contacts with the forum, or where the requested discovery would not alter the jurisdictional analysis. See Carefirst, 334 F.3d at 402–03.

The court declines to permit jurisdictional discovery. Each category Johnson identifies concerns what Platinum knew about Johnson's North Carolina address in 2026 and how Platinum communicated with her after the sale. Even assuming the discovery produced everything Johnson

anticipates, it would establish only that Platinum learned in 2026 that a former Pennsylvania customer had moved to North Carolina and responded to her inquiries. Such facts would not show that Platinum purposefully directed suit-related conduct toward North Carolina or that Johnson's claims arising from the January 2022 Pennsylvania sale arise out of or relate to any North Carolina contact. See Walden, 571 U.S. at 285–90. Moreover, Johnson already possesses the Attorney General file and her own telephone and email records. Because the requested discovery would not change the result, the court denies Johnson's request for jurisdictional discovery.

**C. Severance and Transfer**

Alternatively, Johnson asks the court to sever her claims against Platinum under Rule 21 and transfer them to the United States District Court for the Middle District of Pennsylvania under 28 U.S.C. § 1406(a). See DE 29, p 8. Johnson did not file a motion seeking this relief, as required by Federal Rule of Civil Procedure 7(b)(1) and Local Civil Rule 7.1. A request for affirmative relief embedded in a response brief is not properly before the court. See Cozzarelli v. Inspire Pharms. Inc., 549 F.3d 618, 630–31 (4th Cir. 2008).

Alternatively, the court declines to sever and transfer in its discretion. Section 1406(a) permits transfer only if transfer is "in the interest of justice." 28 U.S.C. § 1406(a); see Porter v. Groat, 840 F.2d 255, 258 (4th Cir. 1988). In Porter, transfer served the interest of justice because the claims would have been time-barred in the transferor forum but not in the transferee forum. See id. at 256–58. Here, by contrast, the limitations period governing Johnson's TILA claim would be the same in Pennsylvania, and, as discussed below, Johnson's claims against Platinum fail on their face. Transferring claims that fail to state a claim does not serve the interest of justice. Accordingly, the court denies Johnson's request to sever and transfer her claims against Platinum.

**D. Failure to State a Claim**

Alternatively, even if the court had personal jurisdiction over Platinum, the Second Amended Complaint fails to state a claim against Platinum. A motion to dismiss under Rule 12(b)(6) tests the legal and factual sufficiency of the complaint. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–63, 570 (2007). To withstand a Rule 12(b)(6) motion, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). In considering the motion, the court accepts the complaint's well-pleaded factual allegations as true and draws reasonable inferences in the plaintiff's favor, but does not accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." ACA Fin. Guar. Corp. v. City of Buena Vista, 917 F.3d 206, 212 (4th Cir. 2019) (quotation omitted). Although the court construes pro se filings liberally, a pro se plaintiff's complaint still must meet this plausibility standard. See Erickson, 551 U.S. at 94; Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008).

When evaluating a Rule 12(b)(6) motion, the court may consider documents attached to the complaint or the motion to dismiss "so long as they are integral to the complaint and authentic." Sec'y of State for Def. v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007); see Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 166 (4th Cir. 2016). Johnson disputes the authenticity of only two exhibits: the customer signature on the GAP Addendum and the signature on the Buyer's Guide. [DE 29, p 2; DE 29-9, ¶¶ 4–5]. She does not dispute the authenticity of the Vehicle Buyer's Order, the Retail Installment Sale Contract, the notarized certificate of title, or the Agreement to Provide Insurance. [DE 29, p 2]. Those documents are the very transaction documents on which Johnson's claims are based and are therefore integral to the second amended

complaint. Accordingly, the court considers the Buyer's Order, Retail Installment Sale Contract, certificate of title, and Agreement to Provide Insurance. See Goines, 822 F.3d at 166. Under Rule 12(d), the court excludes and does not consider the GAP Addendum and the Buyer's Guide attached to Platinum's memorandum in support of its motion to dismiss. See Fed. R. Civ. P. 12(d). Because the court does not consider any matter outside the pleadings that is not integral and authentic, the court declines to convert Platinum's motion into a motion for summary judgment and denies Johnson's request for discovery under Rule 56(d). Likewise, the court does not consider new factual assertions in Johnson's response brief and declaration that do not appear in the second amended complaint. See S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC, 713 F.3d 175, 184 (4th Cir. 2013).

**1. Statutes of Limitations**

A court may resolve a statute-of-limitations defense under Rule 12(b)(6) when all facts necessary to the defense clearly appear on the face of the complaint. See Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc). The transaction occurred on January 8, 2022, and Johnson filed this action on May 13, 2026. [DE 1; DE 15-1, p 6].

A TILA claim for damages must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Johnson concedes that the one-year limitations period applies. See DE 29, p 6. Although Johnson purports to "preserve" fraudulent concealment and equitable tolling, see id., she does not plead any affirmative act of concealment or any facts supporting tolling. See Edmonson v. Eagle Nat'l Bank, 922 F.3d 535, 548–49, 553–54 (4th Cir. 2019). To the contrary, each fee, disclosure, and rate of which she complains (including the finance charge and APR) appears on the face of the transaction documents that she signed in January 2022. Thus, Johnson's TILA claim is time-barred.

Johnson's UDTPA claim is subject to a four-year limitations period, see N.C. Gen. Stat. § 75-16.2, and her negligence and negligent misrepresentation claims are subject to a three-year limitations period, see N.C. Gen. Stat. § 1-52(5). Johnson does not respond to Platinum's argument that these claims are time-barred. The conduct underlying these claims occurred in January 2022, and Johnson filed suit more than four years later. Accordingly, Johnson's UDTPA, negligence, and negligent misrepresentation claims against Platinum are time-barred.

**2. TILA**

Alternatively, Johnson fails to state a TILA claim. The fees of which Johnson complains, including the $34 notary/messenger fee and the $1,000 optional GAP contract charge, are separately itemized in the Buyer's Order and Retail Installment Sale Contract that Johnson does not dispute signing. [See DE 24-2, p 1; DE 24-3, p 2]. The Retail Installment Sale Contract discloses an amount financed of $30,157.00, a finance charge of $17,870.60, and total payments of $48,027.60, and the disclosed finance charge equals the difference between the total of payments and the amount financed. See DE 24-3, p 1; 12 C.F.R. § 1026.18(b), (d), (h). Johnson alleges no facts plausibly showing that the disclosed APR of 16.5% fell outside the tolerance permitted by 12 C.F.R. § 1026.22(a). Her conclusory allegation that the finance charge and APR were "mathematically inaccurate" does not state a plausible claim.

**3. UDTPA and UTPCPL**

Alternatively, Johnson fails to state a claim under the UDTPA or the UTPCPL. Count X alleges a list of unfair or deceptive acts against six defendants without identifying which defendant engaged in which conduct, and many of the listed acts, such as credit reporting, repossession, and debt-sale practices, are not alleged against Platinum at all. [See DE 15-1, p 21–22]. Such pleading

fails to give Platinum fair notice of the claim against it. See Fed. R. Civ. P. 8(a)(2). Moreover, to the extent Johnson's UDTPA and UTPCPL claims rest on alleged misrepresentations or on the alleged forgery of her signature, they sound in fraud and must satisfy Rule 9(b). See Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999). Johnson does not identify the time, place, and contents of any false representation, the identity of the person who made it, or what was obtained thereby. See id.

As for the UTPCPL, the statute defines "unfair methods of competition" and "unfair or deceptive acts or practices" by reference to twenty-one enumerated practices. See 73 P.S. § 201-2(4)(i)–(xxi). Johnson does not identify which enumerated practice Platinum allegedly committed, and her allegations concerning fees, disclosures, financing, and insurer selection do not fall within any of the specific enumerated practices. Nor do they plausibly allege "fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding" under the catch-all provision of that statute. 73 P.S. § 201-2(4)(xxi). Johnson does not allege that her financing was ultimately disapproved or that she was harmed by taking possession of the vehicle. The undisputed Retail Installment Sale Contract informed Johnson that she was not required to purchase insurance from any particular insurer, and the Agreement to Provide Insurance reflects that Johnson arranged coverage through a Pennsylvania insurance agent. See [DE 24-3] 2; [DE 24-7]. Furthermore, a private UTPCPL plaintiff must plausibly allege justifiable reliance on the defendant's wrongful conduct and an ascertainable loss of money or property resulting from that reliance. See 73 P.S. § 201-9.2(a); Gregg v. Ameriprise Fin., Inc., 245 A.3d 637, 649–50 (Pa. 2021); Seldon v. Home Loan Servs., Inc., 647 F. Supp. 2d 451, 470 (E.D. Pa. 2009). Johnson received the vehicle, the title, and the GAP coverage for which she was charged, and she does not plausibly allege that she relied on any deceptive conduct by Platinum or that she would have declined the transaction, or

any part of it, but for that conduct. Likewise, for the same reasons, Johnson fails to plausibly allege the reliance and proximate-cause elements of a UDTPA claim premised on deception. See Bumpers v. Cmty. Bank of N. Va., 367 N.C. 81, 88–90, 747 S.E.2d 220, 226–27 (2013).

**4. Negligence and Negligent Misrepresentation**

Alternatively, Johnson fails to state a claim for negligence or negligent misrepresentation. Count XIII does not identify any duty that Platinum owed Johnson apart from the statutory and contractual obligations underlying her other claims, and the conduct she attributes to Platinum, including allegedly unauthorized charges and an allegedly forged signature, describes intentional rather than negligent conduct. To the extent count XIII rests on alleged misrepresentations, Johnson fails to plead the misrepresentations with the particularity required by Rule 9(b). See Harrison, 176 F.3d at 784.

Accordingly, alternatively, the court grants Platinum's motion to dismiss under Rule 12(b)(6).

**E. Leave to Amend**

In her response, Johnson requests an opportunity to seek leave to amend if the court concludes that her allegations lack sufficient particularity. [See DE 29, pp 6, 9]. Johnson has not filed a motion for leave to amend or submitted a proposed amended pleading, as required by Local Civil Rule 15.1(a). A request for leave to amend made only in a response brief is not a proper motion. See Cozzarelli, 549 F.3d at 630–31. Moreover, Johnson has already amended her complaint twice. Alternatively, the court denies leave to amend as futile. See Foman v. Davis, 371 U.S. 178, 182 (1962); Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). No amendment could establish that Platinum purposefully directed suit-related conduct toward North

Carolina, and no additional factual particularity could cure the untimeliness of Johnson's TILA, UDTPA, negligence, and negligent misrepresentation claims. Additionally, amendment of Johnson's complain with respect to the UTPCPL claim would be futile because the conduct that she challenges does not fall within any practice enumerated in 73 P.S. § 2091-2(4), and the transaction documents whose authenticity she concedes establish that the challenged fees were itemized and disclosed and that she was free to, and did, arrange her own insurance, so that no additional factual particularity could plausibly allege deceptive conduct, justifiable reliance, or an ascertainable loss resulting from any such conduct. Accordingly, the court denies Johnson's request for leave to amend.

## III.

In summary, the court:

(1) GRANTS defendant Platinum Pre-Owned, LLC's motion to dismiss [DE 23];

(2) DISMISSES WITHOUT PREJUDICE plaintiff's claims against Platinum Pre-Owned, LLC for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), and, alternatively, concludes that the second amended complaint fails to state a claim against Platinum Pre-Owned, LLC under Federal Rule of Civil Procedure 12(b)(6);

(3) DENIES plaintiff's request for jurisdictional discovery;

(4) DENIES plaintiff's request to convert Platinum Pre-Owned, LLC's motion to a motion for summary judgment and for discovery under Federal Rule of Civil Procedure 56(d);

(5) DENIES plaintiff's request to sever her claims against Platinum Pre-Owned, LLC under Federal Rule of Civil Procedure 21 and to transfer those claims to the United States District Court for the Middle District of Pennsylvania under 28 U.S.C. § 1406(a);

(6) DENIES plaintiff's request for leave to amend; and

(7) DISMISSES Platinum Pre-Owned, LLC as a defendant in this action.

SO ORDERED. This ___ day of _____________, 2026.

_______________________________

JAMES C. DEVER III

United States District Judge