**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **PAMELA DENISE JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 5:26-CV-00320-D-RN** |
| | ) | |
| **NC RECOVERY SERVICES, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT P.K. WILLIS'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER AND VACATE COURT ORDER**

COMES NOW Defendant Patrick K. Willis Company, Inc. d/b/a American Recovery Service ("P.K. Willis"), by and through undersigned counsel, and submits this Response in Opposition to the "Motion to Reconsider and Vacate the Court's September 28, 2026 Order Granting Defendant American Recovery Services Leave to File an Answer Out of Time" ("Motion to Reconsider") filed by Plaintiff Pamela Denise Johnson ("Plaintiff"), stating as follows:

1. On September 23, 2026, P.K. Willis filed a Motion for Leave to File Answer Out of Time, attaching a proposed Answer and Affirmative Defenses and asking the Court to allow P.K. Willis to file the answer so that Plaintiff's claims may be determined on the merits. (Doc. 37; Doc. 38.) In the motion, P.K. Willis explained that its failure to timely file its response was due to a mistaken belief that an insurance claim had been filed and that outside counsel had been retained. (Doc. 38 at 2–5.) As soon as P.K. Willis discovered that no responsive pleading had been filed, P.K. Willis worked to remedy the issue, constituting excusable neglect. (*See id.*)

2. As of that date, while Plaintiff had moved for entry of default, no default had been entered against P.K. Willis. (Doc. 30; Doc. 31.)

3. On September 28, 2026, the Court entered an Order granting P.K. Willis's Motion for Leave to File Answer Out of Time, ordering P.K. Willis to file its proposed Answer and Affirmative Defenses on or before October 8, 2026. (Doc. 43.)

4. P.K. Willis filed its Answer and Affirmative Defenses on September 29, 2026. (Doc. 44.)

5. Then, on September 30, 2026, Plaintiff filed the Motion to Reconsider. (Doc. 48.) Not only did the Motion to Reconsider fail to comply with the Court's Local Rules (see Local Civil Rule 7.1(e)), but Plaintiff also failed to identify any basis supporting a reconsideration or vacatur of the Court's Order. (*See* Doc. 48.) Plaintiff's only argument arose out of her disagreement as to the existence of "excusable neglect," based on her assertion that P.K. Willis's acknowledgment of the case and request for an extension somehow discredited the assertions in the motion. (*See id.*) Plaintiff is mistaken. The memorandum filed by P.K. Willis fully acknowledged these facts and explained that the "excusable neglect" arose out of a misunderstanding as to legal representation. (*See* Doc. 38.) Nothing in P.K. Willis's motion or supporting memorandum evidenced any "misrepresentation,"—as Plaintiff falsely claims in her Motion to Reconsider—and instead it explained the other surrounding circumstances constituting "excusable neglect," none of which Plaintiff disputes.

6. The only other argument raised by Plaintiff is that conduct by parties *other than P.K. Willis* should somehow prevent P.K. Willis from obtaining relief. (Doc. 48 § IV.) This assertion is preposterous. P.K. Willis is a separate entity from any other co-defendants that Plaintiff has added to this lawsuit, and Plaintiff has not identified any legal authority whatsoever that would support prejudicing one defendant due to actions of another, unrelated party.

7. Further, Plaintiff has not addressed the other reasons supporting the Court's Order, including the short period between the initial deadline and P.K. Willis's appearance, the lack of prejudice suffered by Plaintiff, the lack of meaningful delay of these legal proceedings, P.K. Willis's intent to defend the claims, or the Fourth Circuit's well-established preference for resolving claims on the merits. *See Cagle v. City of Greensboro*, No. 1:26CV103, 2026 WL 1288625, at *1–2 (M.D.N.C. Apr. 13, 2026); (*see also* Doc. 38.)

8. To date, Plaintiff has still failed to serve all defendants named in this lawsuit. (*See, e.g.*, Doc. 47.) Meanwhile, P.K. Willis has appeared, filed its Answer and Affirmative Defenses, and evidenced a clear intent to defend Plaintiff's claims. (Doc. 37; Doc. 38; Doc. 44.) There is no basis for the reconsideration or vacatur of the Court's Order, and Plaintiff's motion for such relief should be denied.

WHEREFORE, P.K. Willis respectfully moves the Court to DENY Plaintiff's Motion to Reconsider (Doc. 48) and enter such other and further relief as the Court deems just and proper.

Respectfully submitted, this 21st day of October, 2026.

*/s/ Ryli W. Leader*
Ryli W. Leader (NC Bar No. 61205)
BURR & FORMAN LLP
101 S. Tryon Street, Suite 2610
Charlotte, North Carolina 28280
Telephone: (704) 347-1170
Facsimile: (704) 347-4467
rleader@burr.com

Counsel for Defendant
PATRICK K. WILLIS COMPANY, INC. D/B/A
AMERICAN RECOVERY SERVICE

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of October, 2026, I electronically filed a copy of the foregoing document and served a copy of the foregoing on the following parties via U.S. First Class Mail:

Pamela Denise Johnson
3661 Sunset Ave., Suite 748
Rocky Mount, NC 27804
*Plaintiff, pro se*

*/s/ Ryli W. Leader*
Ryli W. Leader (NC Bar No. 61205)
OF COUNSEL