**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**EASTERN DIVISION**

| | |
|---|---|
| Pamela Denise Johnson,<br><br>Plaintiff,<br><br>v.<br><br>Consumer Portfolio Services, Inc., et al.<br><br>Defendants. | Case No.: 5:26-cv-00320-D-RN |

**DEFENDANT PRANCER CAPITAL CORP.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT**

NOW COMES Defendant Prancer Capital Corp. ("PCC" or "Defendant"), by and through counsel, and moves to strike Plaintiff's Second Amended Complaint for failure to comply with Rule 15(a) of the Federal Rules of Civil Procedure. Plaintiff did not obtain PCC's written consent and did not seek or secure leave of Court before filing her Second Amended Complaint.

## I. INTRODUCTION AND BACKGROUND

On May 13, 2026, Plaintiff filed a complaint against Consumer Portfolio Services, Inc., Platinum Pre-Owned, LLC, PCC, Asset Recovery Solutions, NC Recovery Services, and Erie Insurance Company, alleging a variety of federal and state law claims. Dkt. #1. PCC was served with the Complaint on July 21, 2026. Dkt. #13. Plaintiff filed an Amended Complaint on August 3, 2026. Dkt. #14. Plaintiff's Amended Complaint does not name four of the original co-defendants, including PCC. *Id.* Therefore, the docket reflected PCC and the other three co-defendants as terminated from the matter on August 3, 2026. On August 6, 2026, Plaintiff filed a Motion to Correct the Record and Docket Discrepancies. Dkt. #16. In her motion, Plaintiff requested the terminated defendants be reinstated and requested leave to file a Second Amended

Complaint. *Id.* This Court has not ruled on Plaintiff's Motion as of the date of this filing. Plaintiff filed her Second Amended Complaint on August 6, 2026. Dkt. #15.

## II. STANDARD

Federal Rule of Civil Procedure 15 governs the amendment of pleadings. Rule 15(a)(1) permits a party to amend its pleading once as a matter of course no later than 21 days after serving it, or—if the pleading is one to which a responsive pleading is required—the earlier of 21 days after service of a responsive pleading or 21 days after service of a Rule 12(b), (e), or (f) motion. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

"Motions to strike are ordinarily brought pursuant to Federal Rule of Civil Procedure 12(f)." *Blair v. Appomattox Cnty. Sch. Board,* 2026 WL 788954, at *2 (W.D.Va. 2026). Rule 12(f) provides that courts "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Id.* (quoting Fed. R. Civ. P. 12(f)). Fourth Circuit courts have found that "[c]ourts may also strike amended complaints that run afoul of Federal Rule of Civil Procedure 15(a)(2)." *Blair,* 2026 WL 788954, at *2; *see Jiangmen Kinwai Furniture Decoration Co. Ltd. V. IHFC Properties, LLC,* 780 F. App'x 1, 2 n.2 (4th Cir. 2019) ("Rule 12(f) is not the only basis for striking a complaint. A district court may also strike a complaint filed without leave of the court in violation of Rule 15(a)(2).").

## III. ARGUMENT

Plaintiff's filing history demonstrates that she used her single amendment as of course and then filed again without meeting Rule 15(a)(2)'s prerequisites. Plaintiff filed the original Complaint on May 13, 2026, and PCC was served on July 21, 2026. Plaintiff filed her Amended Complaint on August 3, 2026, thereby exhausting the one amendment permitted as a matter of

course under Rule 15(a)(1). On August 6, 2026, Plaintiff nevertheless filed a Second Amended Complaint. Plaintiff did not obtain PCC's written consent and did not seek or secure leave of Court before filing the Second Amended Complaint. Under Rule 15(a)(2), once the as-of-right amendment is used, a further amendment requires the opposing party's written consent or the Court's leave. Plaintiff's contemporaneous filing of a motion to correct the docket and for leave to amend does not cure the defect as the Rule requires leave prior to filing. Plaintiff's motion remains undecided as of this filing. Thus, the Second Amended Complaint is a nullity, filed in contravention of Rule 15.

The docket activity surrounding August 3 and August 6 illustrates why Rule 15(a)(2) must be enforced as written. When Plaintiff filed her Amended Complaint on August 3, 2026, PCC and three other defendants were omitted and reflected as terminated on the docket. Plaintiff then sought to correct the docket and to obtain leave to file a Second Amended Complaint yet proceeded to file the Second Amended Complaint the same day before the Court ruled. The proper course was to await a ruling on leave; by bypassing that step, Plaintiff created uncertainty as to party status and pleading scope. Striking the Second Amended Complaint resolves that uncertainty consistent with Rule 15 and the authorities recognizing the Court's power to strike pleadings filed without the required leave. The Court should grant Defendant's Motion and strike Plaintiff's Second Amended Complaint.

## IV. CONCLUSION

Defendant respectfully requests that this Court grant Defendant's Motion and strike Plaintiff's Second Amended Complaint.

[SIGNATURE PAGE FOLLOWS]

Dated: October 26, 2026

Respectfully submitted,

**FROST ECHOLS LLC**

*/s David A. Grassi, Jr.*
David A. Grassi, Jr.
Mailing Address
P.O. Box 12645
Rock Hill, SC 29731
Physical Address
300 Chatham Avenue, Suite 310
Rock Hill, SC 29730
Phone: (803) 329-8982
Email: david.grassi@frostechols.com

*Counsel for Defendant Prancer Capital Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2026, a copy of the foregoing was filed with the court via the Clerk of the Court using the CM/ECF system, and sent via U.S. Mail and/or electronic mail to:

Pamela Denise Johnson
3661 Sunset Ave., Ste. 748
Rocky Mount, NC 27804
Pamelaj0126@gmail.com
*Pro se Plaintiff*

*/s David A. Grassi, Jr.*
David A. Grassi, Jr.