**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**EASTERN DIVISION**

| | |
|---|---|
| Pamela Denise Johnson,<br><br>Plaintiff,<br><br>v.<br><br>Consumer Portfolio Services, Inc., et al.<br><br>Defendants. | Case No.: 5:26-cv-00320-D-RN |

**DEFENDANT PRANCER CAPITAL CORP.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant Prancer Capital Corp. ("Prancer" or "Defendant"), by and through its undersigned counsel, hereby submits this Memorandum of Law in Support of Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) as Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted.

## I. INTRODUCTION

On May 13, 2026, Plaintiff filed a complaint against Consumer Portfolio Services, Inc. ("CPS"), Platinum Pre-Owned, LLC ("Platinum"), PCC, Asset Recovery Solutions, NC Recovery Services, and Erie Insurance Company ("Erie"), alleging a variety of federal and state law claims. Dkt. #1. Prancer was served with the Complaint on July 21, 2026. Dkt. #13. Plaintiff filed an Amended Complaint on August 3, 2026. Dkt. #14. Plaintiff's Amended Complaint does not name four of the original co-defendants, including PCC. *Id.* Therefore, the docket reflected Prancer and the other three co-defendants as terminated from the matter on August 3, 2026. On August 6, 2026, Plaintiff filed a Motion to Correct the Record and Docket Discrepancies. Dkt. #16. In her motion, Plaintiff requested the terminated defendants be reinstated and requested leave to file a Second Amended Complaint. *Id.* This Court has not ruled on Plaintiff's Motion as of the date of

this filing. Plaintiff filed her Second Amended Complaint on August 6, 2026. Dkt. #15. Prancer has not been served with the First Amended Complaint or the Second Amended Complaint. *See* Dkt. #42; *see also* Dkt. #49, p. 2, ¶ 5 (inaccurately claiming "the United States Marshals Service retains responsibility for effecting service of…amended pleadings").

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citation omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotations and citation omitted). While factual allegations in the complaint are to be treated as true, the Court "need not accepted the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Monroe v. City of Charlottesville, VA*, 579 F.3d 380, 385-86 (4th Cir. 2009) (citation and quotation marks omitted).

## III. ARGUMENT

### A. **<u>The First Amended Complaint Employs Impermissible Group Pleading and Fails to Sufficiently Allege Defendant-Specific Conduct as to Prancer.</u>**

"In an action against multiple defendants, a complaint must state facts that support a cause of action against each individual defendant." *Intercollegiate Women's Lacrosse Coaches Ass'n v. Corrigan Sports Enters., Inc.*, 505 F. Supp. 3d 570, 581 (M.D.N.C. 2020). "Blanket conclusory allegations as to multiple defendants are insufficient." *Vision Motor Cars, Inc. v. Valor Motor Co.*, 981 F. Supp. 2d 464, 468 (M.D.N.C. 2013) (citation omitted). A "plaintiff cannot rely on bare allegations relating to the conduct of 'all defendants' to hold [one defendant] liable, but must identify specific acts or conduct taken by each defendant to state a claim." *Boykin Anchor Co., Inc. v. AT&T Corp.*, 2011 WL 1456388, at *4 (E.D.N.C. Apr. 14, 2011); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) ("[T]he burden rests on the plaintiffs to provide fair notice of the grounds for the claims made against each of the defendants. Given the complaint's use of either the collective term "Defendants" or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed.").

Plaintiff repeatedly attributes conduct to "Defendants" collectively and embeds Prancer within multi-party lists without alleging facts showing what Prancer itself did that violated any specific statute or duty. For example, Plaintiff's UDTPA count pleads a laundry list of alleged wrongs (e.g., "yo-yo financing," "false credit reporting," "breach of peace," "destruction of property," "deceptive accounting") and asserts them against "CPS, Platinum, Prancer, ARS, NC Recovery, and ERIE" without tying the enumerated practices to Prancer-specific acts. Likewise, Plaintiff's FCRA count lumps "CPS, Prancer, Southern Financial, and Stradford Group" together and cites conflicting balances reported by others, an alleged false repossession date by CPS, and charge-off/re-charge off issues, without factual allegations that Prancer furnished any data to a

consumer reporting agency or received any CRA notice of dispute. These collective assertions are insufficient to state a plausible claim against Prancer. Accordingly, the Court should dismiss Plaintiff's claims against Prancer.

**B. Plaintiff Fails to Allege an FCRA Violation as to Prancer.**

Plaintiff purports to assert an FCRA claim against PCC, claiming "Defendants furnished inaccurate information to credit reporting agencies" and did not conduct an adequate and reasonable investigation after Plaintiff disputed the information. *See* Dkt. #19, ¶¶ 164-65. Plaintiff states these actions violated the FCRA, including 15 U.S.C. § 1681s-2(a) and 15 U.S.C. § 1681s-2(b). *Id.* at ¶ 166. To the extent Plaintiff attempts to bring a claim for a violation of 15 U.S.C. § 1681s-2(a), there is no private right of action under this section. *See Saunders v. Branch Banking & Tr. Co. Of VA,* 526 F.3d 142, 149 (4th Cir. 2008) ("FCRA explicitly bars private suits for violations of § 1681s-2(a)…"); *see also Lovegrove v. Ocwen Home Loans Servicing, L.L.C.,* 666 Fed. App'x. 308, 313 (4th Cir. 2016) ("There is no private right of action under § 1681s-2(a).").

Claims under section 1681s-2(b) require three elements:

> (1) the plaintiff submitted a dispute over the accuracy of information on a credit report to a consumer reporting agency; (2) the agency notified the furnisher of the dispute; and (3) the furnisher failed to conduct a reasonable investigation to determine whether the disputed information can be verified.

*Roberts v. Carter-Young, Inc.*, 131 F.4th 241, 249 (4th Cir. 2025) (citations and quotation marks omitted; cleaned up); *see also* 15 U.S.C. § 1681s-2(b). Plaintiff's Complaint is devoid of factual allegations asserting that Prancer is a "furnisher" under the FCRA. While Plaintiff impermissibly attempts to lump Prancer in with other parties, *see* Dkt. #14, ¶ 161, her allegations of furnishing are limited to other parties. She specifically alleges CPS "furnished inaccurate information" and "failed to conduct reasonable investigations." *Id.* at p. 5. She also alleges CPS sold the account to non-parties Southern Financial Capital Group and Stradford Group & Associates, who reported

conflicting amounts. *Id.* at ¶¶ 17, 161. But she does not allege Prancer actually furnished any information to any credit reporting agency. Absent well-pled facts that Prancer furnished information, any FCRA claim fails.

Plaintiff alleges she submitted disputes to Experian, Equifax, and TransUnion and to CPS, and that updated reports followed, but she does not allege that any credit reporting agency sent Prancer a notice of dispute under 15 U.S.C. § 1681i(a)(2) triggering any § 1681s-2(b) duty by Prancer. Without notice to Prancer from a credit reporting agency, there is no private right of action under § 1681s-2(b). Further, the alleged inaccuracies concern balances reported by debt buyers and CPS's repossession date, not any tradeline from Prancer. Plaintiff's claimed harms—denials of credit, increased costs, and reputational harm—are not connected by factual allegations to any Prancer reporting or reinvestigation. Conclusory assertions of harm without defendant-specific causation fail. Accordingly, Plaintiff's FCRA claim against Prancer should be dismissed.

### C. **Plaintiff Does Not Plausibly Allege a Claim for an ECOA Violation Against Prancer.**

To state an ECOA adverse-action notice claim under 15 U.S.C. § 1691(d), a plaintiff must plausibly allege that she was an applicant, that the defendant was a creditor, that the plaintiff submitted an application, that the creditor took adverse action on that application, and that the creditor failed to provide a timely notice containing the information required by law. *See Cross v. Prospect Mortg., LLC,* 986 F.Supp.2d 688, 691 (E.D. Va. 2013). The First Amended Complaint does not plausibly allege those elements. Plaintiff's ECOA claim states only that Prancer denied Plaintiff's application, that a representative said Prancer did not provide denial paperwork, and that Plaintiff believes Prancer failed to provide an ECOA notice. Dkt. #14, ¶¶ 168-171. That formulation largely recites the ultimate legal conclusion and does not allege the elements necessary to state an ECOA claim against Prancer.

Plaintiff alleges Platinum coerced her into using Erie Insurance, and that Platinum contacted Erie Insurance directly and listed Prancer as the lienholder. Dkt. #14, ¶¶ 8-9. The ECOA provides that "[w]ithin thirty days [] after receipt of a completed application for credit, a creditor shall notify the applicant of its action on the application." 15 U.S.C. § 1691(d)(1). It further states that "[w]here a creditor has been requested by a third party to make a specific extension of credit directly or indirectly to an applicant, the notification and statement of reasons required by this subsection may be made directly by such creditor, or indirectly through the third party." 15 U.S.C. § 1691(d)(4). Plaintiff herself states that Platinum reached out to Erie and listed Prancer as the lienholder. Plaintiff has ***not*** alleged she requested an extension of credit directly from Prancer. Accordingly, Plaintiff does not allege Prancer had an obligation under the ECOA to provide the required notification and statement of reasons to Plaintiff.

**D. <u>Plaintiff's UDTPA Claim Fails as a Matter of Law and is Time-Barred.</u>**

Plaintiff alleges Prancer for violated the North Carolina Unfair and Deceptive Trade Practices Act, N.C.G.S. § 75-1.1 ("UDTPA"). "To state a claim under the UDTPA, a plaintiff must plausibly allege that (1) [the] defendant committed an unfair or deceptive act or practice, (2) the action in question was in or affecting commerce, and (3) the act proximately caused injury to the plaintiff." *Waddell v. U.S. Bank Nat'l Ass'n,* 395 F. Supp. 3d 676, 684 (E.D.N.C. 2019) (internal quotations and citation omitted). "Whether an act or practice is unfair or deceptive is a question of law for the court." *Id.* "A practice is deceptive if it has the tendency to deceive." *Id.* (internal quotations and citation omitted). "A practice is unfair when it offends established public policy as well as when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to customers." *Id.* (internal quotations and citation omitted).

Plaintiff is seeking to impose UDTPA liability on Prancer based on Prancer's alleged

conduct in 2021. Plaintiff includes a list of allegedly "unfair, deceptive, and unethical conduct," which is attributed to Prancer and a number of co-defendants. *See* Dkt. #14, ¶ 186. But she does not specifically attribute any of these actions to Prancer. Instead, the Prancer-specific allegations are limited to the alleged credit denial, the statement about denial paperwork, and Prancer's lack of knowledge regarding the lienholder designation. *See* Dkt. #14, ¶¶ 9, 13. Those allegations do not plausibly establish an unfair or deceptive act by Prancer. The First Amended Complaint alleges that Platinum contacted Erie and listed Prancer as lienholder, *see* Dkt. #14, ¶ 9; it does not allege facts showing that Prancer directed or made that designation. Although Plaintiff asserts that Prancer "allowed" the dealership to use the designation and failed to correct it, she pleads no facts showing when Prancer learned of the designation, that Prancer controlled the relevant records, or that Prancer had authority or a duty to alter Erie's insurance records. To the contrary, she acknowledges Prancer "did not know why they were listed as lienholder…" *See* Dkt. #14, ¶ 11.

Even if Plaintiff had established an unfair or deceptive act by Prancer, Plaintiff's UDTPA claim is time-barred. N.C. Gen. Stat. § 75-16.2 provides that "[a]ny civil action brought under this Chapter to enforce the provisions thereof shall be barred unless commenced within four years after the cause of action accrues." While is unclear which conduct Plaintiff is alleging Prancer took in violation of the UDTPA, her specific allegations regarding Prancer occurred in 2021, when Prancer denied her financing. *See* Dkt. #14, ¶¶ 1, 9-12. As such, Plaintiff was required to bring her UDTPA claim by 2025. Plaintiff filed her original complaint in 2026. *See* Dkt. #1. Therefore, Plaintiff's UDTPA claim is time-barred and should be dismissed.

**E. <u>Plaintiff's Negligence and Negligent Misrepresentations Claims are Time-Barred.</u>**

Plaintiff attempts to asserts a claim for "negligence/negligent misrepresentation" against all defendants. In support of this claim, Plaintiff states defendants owed her a duty of care and

breached that duty through "alleged misrepresentations, omissions, and other conduct described in this Complaint." *See* Dkt. #14, ¶¶ 198-199. Negligence or negligent misrepresentation claims have a three-year statute of limitations. *See* N.C. Gen. Stat. § 1-52(5) (stating that any other injury to the person or rights of another, not arising on contract shall be brough within three years). The alleged negligent conduct Plaintiff attributes to Prancer occurred in 2021, when Plaintiff attempted to secure financing for the purchase of a motor vehicle. *See* Dkt. #14, ¶¶ 1, 9-12. As such, the statute of limitations on any negligence or negligent misrepresentation claim under North Carolina state law expired in 2024. Plaintiff filed her original complaint in 2026. *See* Dkt. #1. Accordingly, this claim is time-barred and should be dismissed.

Even if Plaintiff's negligence and negligent misrepresentation claims were timely, which they are not, Plaintiff's claims fail as a matter of law. Count XIII of the First Amended Complaint asserts negligence and negligent misrepresentation against all defendants. It alleges collectively that "Defendants" owed Plaintiff a duty, breached that duty through unspecified representations or omissions, and caused foreseeable harm. These conclusory allegations do not identify the elements of either theory as applied to Prancer. A negligence claim requires a legally recognized duty owed by the defendant, breach, actual and proximate causation, and damages. *Calliste v. City of Charlotte,* 695 F. Supp. 3d 708, 726 (W.D.N.C. 2023). The First Amended Complaint does not identify any duty independent of the obligations underlying Plaintiff's deficient ECOA, FCRA, and UDTPA theories. It also does not allege facts showing how Prancer breached a duty or caused a particular injury. As such, Plaintiff's negligence claim fails as a matter of law and should be dismissed.

A negligent-misrepresentation claim requires a plaintiff to plausibly allege that they "(1) justifiably relied (2) to its detriment (3) on information prepared without reasonable care (4) by

one who owed the relying party a duty of care." *Fitzgerald Fruit Farms LLC v. Aseptia, Inc.,* 527 F. Supp. 3d 790, 798 (E.D.N.C. 2019) (citations omitted). The allegation that Prancer stated that it did not know why it was listed as lienholder does not identify false information on which Plaintiff relied in entering the transaction; the First Amended Complaint instead alleges that Plaintiff relied on Platinum's representation that Prancer had approved financing. The First Amended Complaint does not plead reliance on any Prancer statement or a resulting pecuniary loss. Further, "[f]ederal courts have repeatedly found that the North Carolina tort of negligent misrepresentation sounds in fraud and have applied Rule 9(b) to it." *Topshelf Mgmt., Inc. v. Campbell-Ewald Co.,* 117 F. Supp. 3d 722, 727 (M.D.N.C. 2015) (citation omitted). Rule 9(b) requires a party pleading fraud to "state with particularity the circumstances constituting the fraud…" Fed. R. Civ. P. 9(b). This heightened pleading for fraud which applies equally to negligent misrepresentation. *See Dealers Supply Co. v. Cheil Indus., Inc.,* 348 F. Supp. 2d 579, 590 (M.D.N.C. 2004). For the reasons previously outlined, Plaintiff fails to plausibly allege negligent misrepresentation under standard pleading requirements, much less the specificity required under Rule 9(b) standards. Accordingly, Plaintiff's negligent misrepresentation claim should be dismissed against Prancer.

## IV. CONCLUSION

Plaintiff's claims against Prancer fail for a variety of reasons. Some are time-barred on their face. Plaintiff also fails to plead necessary elements. Prancer therefore respectfully requests that the Court grant its Motion to Dismiss and dismiss Plaintiff's claims against Prancer with prejudice.

Dated: October 26, 2026

Respectfully submitted,

*<u>/s David A. Grassi, Jr.</u>*
David A. Grassi, Jr. (N.C. Bar No. 38191)
Frost Echols, LLC
<u>Mailing Address</u>:
P.O. Box 12645
Rock Hill, SC 29730
<u>Physical Address</u>:
300 Chatham Ave., Suite 310
Rock Hill, SC 29731
Phone: (803) 329-8970
Email: david.grassi@frostechols.com

*Counsel for Defendant Prancer Capital Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2026, a copy of the foregoing was filed with the court via the Clerk of the Court using the CM/ECF system, and sent via U.S. Mail and/or electronic mail to:


Pamela Denise Johnson
3661 Sunset Ave., Ste. 748
Rocky Mount, NC 27804
Pamelaj0126@gmail.com
*Pro se Plaintiff*


*/s David A. Grassi, Jr.*
David A. Grassi, Jr.